## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWAINE COLEMAN, #B62923, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00898-SMY |
| | ) | |
| LT. VINSON, WARDEN LOVE, | ) | |
| WARDEN HILLIARD, LT. HARRISON, | ) | |
| OFFICER RAMAGE, DR. SANTOS, | ) | |
| CHANNA HARRISON, C/O SCHACH, | ) | |
| WEXFORD HEALTH, C/O BLESSING, | ) | |
| MAJOR CAMPBELL, LT. MITCHELL, | ) | |
| and UNKNOWN PARTIES, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dwaine Coleman is currently incarcerated at Pontiac Correctional Center. Proceeding *pro se*, Coleman filed a complaint pursuant to 42 U.S.C. § 1983 against twelve known and numerous unknown defendants for violating his constitutional rights at Vienna Correctional Center (Doc. 1). The complaint is now before the Court for preliminary review. Because it violates the pleading requirements of the Federal Rules of Civil Procedure and sets forth improperly joined claims, the Court deems it necessary to dismiss the pleading. However, this dismissal is without prejudice, and Coleman shall be granted leave to file an amended complaint that addresses the issues discussed in more detail below.

## The Complaint

Coleman's claims are set forth on two pages of his complaint (Doc. 1, pp. 7-8). There, he lists numerous wrongs he suffered at Vienna. Coleman describes fifteen separate incidents, as follows:

(1)     Lieutenant Mitchell placed Coleman in segregation in retaliation for complaining about a correctional officer who denied him a drink of water with his medication;

(2)     Lieutenant Harrison "further" placed Coleman in segregation for requesting an investigation into Lieutenant Mitchell's actions;

(3)     Lieutenant Harrison's wife, Officer Channa Harrison, conducted one or more unfair disciplinary hearings on unknown dates for undisclosed disciplinary charges against Coleman;

(4)     Officer John Doe subjected Coleman to unconstitutional conditions of confinement in segregation when he opened all of the windows in the unit and placed an industrial-sized fan in front of Coleman's cell in the winter in retaliation for talking loudly;

(5)     Lieutenant Vinson dumped all of Coleman's property into toilet water and assaulted him on January 3, 2015, in an effort to complete an assault of Coleman that was thwarted by another officer on December 31, 2014;

(6)     Lieutenant Vinson told inmates that Coleman snitched on a gang chief in Chicago and thereby subjected him to death threats and an assault in prison;

(7)     Nurse Jane Doe denied Coleman treatment for injuries that Lieutenant Vinson inflicted during the assault;

(8)     Major Campbell failed to process Coleman's grievance(s) seeking an emergency transfer from Vienna due to safety threats;

(9)     Officer Schach issued Coleman a false disciplinary ticket after he complained about the officer to Major Campbell;

(10)    the transfer coordinator ignored numerous requests for an emergency transfer from Vienna submitted by Coleman and his family;

(11)    Doctor Santos ignored Coleman's serious medical needs when he prescribed water and exercise for his chronic back pain;

(12)    Wexford Health's practice of elevating the cost of care over the quality of care amounts to deliberate indifference;

(13)    Warden Love failed to protect Coleman from physical harm when he ignored Coleman's written and verbal complaints about threats made to his safety;

(14)   Warden Hillard "rubber stamp[ed]" false disciplinary tickets that were issued against Coleman after learning of Coleman's safety concerns and acknowledging his "abuse;" and

(15)   Coleman was forced to live in a segregation unit that was infested with mice, roaches, and spiders and was issued only pants and stained underwear to wear in the winter.

(Doc. 1, pp. 7-8).   The complaint offers little additional detail about each of the above-listed claims.

Coleman now sues the defendants for cruel and unusual punishment, deliberate indifference to his medical needs, failing to protect him from physical harm, retaliation, and intentional infliction of emotional distress (Doc. 1, p. 8).   He seeks declaratory judgment, monetary damages, and a clean disciplinary record (Doc. 1, p. 9).

<u>Discussion</u>

Coleman's complaint suffers from two major problems that he must address before this Court can properly assess his claims.   First, he appears to have improperly joined numerous unrelated claims against different defendants in a single action.   Second, he sets forth insufficient allegations in support of his claims.

**1.      Improper Joinder**

With regard to the first problem, Coleman has attempted to bring numerous claims that are unrelated to one another in a single action, in violation of Federal Rule of Civil Procedure 20. Rule 20 allows him to join as many defendants as he wants in one action, as long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" ***and*** "any question of law or fact common to all defendants will arise in the action."   FED. R. CIV. P. 20(a)(2). However, Rule 20 does not allow Coleman to bring unrelated claims against separate defendants

in a single suit.  A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."  *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).  This prohibition against multi-defendant, multi-claim suits avoids the procedural "morass" that comes with these types of cases.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  It also ensures that prisoners are paying the necessary filing fees and incurring strikes as envisioned by the Prison Litigation Reform Act.  *Id.*

To address the improper joinder problem, Coleman has two options.  First, he may file an amended complaint in this case that includes only *related* claims against the same defendant(s).  This requires him to choose which claims he will pursue in this action and omit all reference to unrelated claims against other defendants.  *See Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015) (amending the complaint is a proper method for "adding or dropping parties and claims" when claims are misjoined).  If Coleman chooses this path and properly focuses on related claims in this action, Coleman will incur one filing fee for this action.

By omitting reference to improperly joined claims in his amended complaint, Coleman does not lose the right to pursue those claims.  He may file one or more separate lawsuits against the other defendants.  However, Rule 20 applies with equal force to any complaint filed in a separate action, so Coleman must bring related claims against the same defendant(s) together in each action.  *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (holding that, in the case of misjoinder, courts can require a prisoner to "file separate complaints, each confined to one group of injuries and defendants").  If he chooses to go this route, Coleman will be required to pay a filing fee for each new lawsuit he commences.  Coleman should remain mindful of the fact that the "statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman v. City*

*of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).  He should also be aware that the Court retains authority to sever the unrelated claims into separate actions and impose a filing fee for each case.

Coleman's second option is filing an amended complaint in this case that includes all of the claims that Coleman wishes to pursue against the defendants and allowing this Court to sever unrelated claims against different defendants into separate actions for him.  The Court will sever misjoined claims into separate lawsuits before conducting a preliminary review of the claims pursuant to 28 U.S.C. § 1915A.  Coleman will be responsible for paying a filing fee for each action.

## 2.  Violations of Basic Pleading Standards and *Twombly*

The complaint also violates Rules 8 and 10 of the Federal Rules of Civil Procedure.  These rules set forth general requirements for properly pleading claims in a complaint.  The purpose of the rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims."  *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rule 8 requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought."  FED. R. CIV. P. 8(a).  Rule 8(d) requires that each allegation within the complaint be "simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  According to Rule 10, a plaintiff must "state his claims in separate numbered paragraphs, 'each limited as far as practicable to a single set of circumstances,' and . . . 'each claim founded on a separate transaction or occurrence' [must] be 'stated in a separate count' if 'doing so would promote clarity.'"  *See Stanard*, 658 F.3d at 797.  These rules "require[ ] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket

of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

But it is possible to plead too few facts to state a claim upon which relief may be granted. This is what Coleman did in his complaint. He included nothing more than a list of complaints against Vienna officials. He offered virtually no factual allegations in support of his claims. He failed to mention the date of each incident or the duration of each alleged deprivation. The Court is left to guess when each incident occurred and exactly what conduct of each defendant violated Coleman's constitutional rights.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are discouraged from accepting "as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Because Coleman's claims are based entirely on vague or conclusory allegations, the Court cannot properly assess them. For this reason, it is necessary to dismiss the complaint.

However, Coleman shall be granted leave to file an amended complaint within thirty-five (35) days, consistent with the instructions for doing so in the disposition below.

## **Pending Motion**

Coleman has filed a motion for recruitment of counsel (Doc. 3), which is **DENIED** without prejudice at this time. There is no constitutional or statutory right to counsel in federal

civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  If so, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Coleman indicates that he has attempted to secure counsel.  However, his requests were either denied or ignored.  In other words, his attempts to secure counsel have failed.

He claims that he needs an attorney to represent him because he has a limited high school education and suffers from anxiety, depression, and bipolar disorder which necessitate the use of Prozac.  However, he does not allege that his education level or mental illness prevents him from preparing pleadings at this early stage.  The Court notes that the complaint, though only a thumbnail sketch of the claims, is certainly coherent and well-drafted.  And because the "complexities" of this case cannot be assessed without more information regarding Coleman's

claims, the Court declines to recruit counsel at this early stage in litigation.  Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED**.  However, the denial is without prejudice, and the Court remains receptive to the idea of recruiting counsel should Coleman wish to renew his request at any time after filing his amended complaint.

### Disposition

  **IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for non-compliance with Rules 8, 10, and 20 of the Federal Rules of Civil Procedure and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

  Plaintiff is **GRANTED** leave to file his amended complaint **on or before October 27, 2015.**  Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Further, a "strike" may be assessed.  *See* 28 U.S.C. § 1915(g).

  Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 22, 2015**

s/ STACI M. YANDLE
United States District Judge