IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DWAINE COLEMAN, #B62923,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 15-cv-00898-SMY |
| | ) |
| **LT. VINSON, WARDEN LOVE,** | ) |
| **WARDEN HILLIARD, LT. HARRISON,** | ) |
| **OFFICER RAMAGE, DR. SANTOS,** | ) |
| **CHANNA HARRISON, C/O SCHACH,** | ) |
| **WEXFORD HEALTH, C/O BLESSING,** | ) |
| **MAJOR CAMPBELL, LT. MITCHELL,** | ) |
| **C/O McCELLEN, LESLIE McCARTY,** | ) |
| **DONALD STOLWORTHY,** | ) |
| **and UNKNOWN PARTIES,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of the Amended Complaint filed by Plaintiff Dwaine Coleman. (Doc. 8). Plaintiff commenced this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 on August 13, 2015. In it, he sued twelve known and numerous unknown officials for violating his constitutional rights at Vienna Correctional Center. The Complaint contained a list of numerous unrelated claims against different defendants. The pleading violated Rules 8, 10, 18, and 20 of the Federal Rules of Civil Procedure and the Court dismissed it on September 22, 2015. (Doc. 7). However, the dismissal was without prejudice and Plaintiff was granted leave to file an Amended Complaint by October 27, 2015.

Plaintiff filed an Amended Complaint (Doc. 8) prior to the deadline, but it suffers from the same problems as the original Complaint. The two pleadings are nearly identical. Both pleadings consist of a list of seemingly unrelated deprivations of Plaintiff's constitutional rights

by different groups of defendants.  The original Complaint was organized by defendant and the Amended Complaint is organized chronologically.  However, this slight modification in the basic organization of the pleading does not save it.

The Court hereby dismisses the Amended Complaint for the same reasons that it dismissed the Complaint.  The Court adopts and fully incorporates by reference herein the Order Dismissing Complaint.  (Doc. 7).  This dismissal shall again be without prejudice and Plaintiff will be given one final opportunity to prepare and file another amended complaint.

## Recruitment of Counsel

Plaintiff's original Motion for Recruitment of Counsel (Doc. 3) was denied in the Order Dismissing Complaint.  (Doc. 7 at 6-8).  Apparently unaware of this ruling, Plaintiff filed a motion seeking a ruling on his request for the appointment of counsel more than two months later.  (*See* Doc. 9).  In Document 9, he sets forth additional reasons for recruiting counsel to represent him in this matter.  Plaintiff states that he is "greatly disadvantaged" because the defendants have prevented him from completing legal research.  (*Id.*).  He also suffers from medical conditions that include vision problems.  Therefore, his ability to read and research is further hindered.  Plaintiff did not include this information in his original motion.  (Doc. 3).  The Court construes the Motion for Ruling (Doc. 9) as a Second Motion for Recruitment of Counsel.  The motion is **GRANTED**.

The Court deems it appropriate to recruit counsel to represent Plaintiff in this matter.  Civil litigants do not have a constitutional or statutory right to counsel.  *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007), *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  Under 28 U.S.C. § 1915(e)(1).  However, this Court has discretion to recruit counsel to represent indigent

litigants[1] in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Having reviewed the pleadings filed to date in this matter and having considered the numerous and, at times, more complex claims raised in the Complaint and Amended Complaint, the Court finds that Plaintiff requires "the guiding hand of counsel" to assist him in preparing a Second Amended Complaint and moving this case forward. *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015). The scope and complexity of Plaintiff's claims warrant the appointment of counsel, as ordered in the disposition below.

### Disposition

**IT IS HEREBY ORDERED** that the Amended Complaint (Doc. 8) is **DISMISSED** without prejudice for non-compliance with Rules 8, 10, 18, and 20 of the Federal Rules of Civil Procedure and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**IT IS ORDERED** that Plaintiff's Motion for Status of Amended Complaint (Doc. 10) is **GRANTED**. The Court has fully addressed the status of Plaintiff's amended complaint herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling on Motion for Recruitment of Counsel (Doc. 9), which this Court construes as a Second Motion for Recruitment of Counsel, is hereby **GRANTED**.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **MICHAEL J. HICKEY** of Lewis Rice, LLC, 600 Washington Avenue #2500, St. Louis, MO 63101, is **ASSIGNED** to represent Plaintiff Coleman in this civil rights case. On or before March 21, 2016, assigned counsel shall enter his appearance in this case. Attorney Hickey is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel,

---

[1] Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), which was granted on August 21, 2015. (*See* Doc. 5).

however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order, the Dismissal Order (Doc. 7), Amended Complaint (Doc. 8), and copies of the docket sheet to attorney Hickey. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that, on or before March 21, 2016, Plaintiff, by and through counsel, shall file a second amended complaint. The second amended complaint will then undergo preliminary review. The second amended complaint must state any facts that may exist to support Plaintiff's *related* claims against each defendant and name the individual defendants who are directly responsible for the alleged constitutional deprivations. Plaintiff, by and through his attorney, should make every effort to include only related claims against the same defendants in the pleading. **If necessary, the Court will sever unrelated claims against different defendants in the Second Amended Complaint into separate actions and assess a separate filing fee and/or "strike" for each action.** *See* 28 U.S.C. § 1915(b), (e), (g)). If an amended pleading is not filed, the case shall be dismissed with prejudice and a "strike."

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.  Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived.  *See* SDIL-LR 83.13.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Assigned counsel may move for an exemption from PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client.  Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com.  His services are available to you free of charge, as long as you are representing a prisoner *pro bono* on a case in the district.  You are also encouraged to view online lectures presented by Mr. Chapman at www.illinoislegaladvocate.org (under "Legal Resources" then "Prisoners' Rights").

In addition, the Court's website, www.ilsd.uscourts.gov, includes a Prison Litigation handbook which is available to you as a resource. It is listed under "Forms" as "Attorney Information - Prisoner Litigation Handbook." The Court encourages you to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**Dwaine Coleman, No. B62923**
**Pontiac Correctional Center**
**700 West Lincoln Street PO Box 99**
**Pontiac, IL 61764**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court, his assigned counsel, and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 7, 2016**

s/ STACI M. YANDLE
**Honorable Staci M. Yandle**
**United States District Judge**
