**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| DWAINE COLEMAN, #B-62923, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 15-898-SMY-RJD |
| | ) | |
| JAMES VINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, JARED BLESSING (sued as "C/O Blessing"), DAVID MITCHELL (sued as "Lt. Mitchell"), and JAMES VINSON (sued as "Lt. Vinson"), by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, hereby provide their *Answer and Affirmative Defenses* to Plaintiff's Second Amended Complaint [Doc. 16], stating as follows:

**THE PARTIES**

1.      At all times relevant herein, Plaintiff has been a prisoner in the custody of the Illinois Department of Corrections.

        **RESPONSE: Defendants admit the allegations in this paragraph.**

2.      Plaintiff currently resides at PCC in Pontiac, Illinois.

        **RESPONSE: To the extent Plaintiff by "PCC" refers to Pontiac Correctional Center, Defendants admit the allegations in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of the above paragraph.**

3.      Plaintiff previously resided at VCC in Vienna, Illinois.

        **RESPONSE: To the extent Plaintiff by "VCC" refers to Vienna Correctional Center (herein, "Vienna"), Defendants admit the allegations in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of the above paragraph.**

4.     Defendant Vinson is a correctional officer at VCC. He is sued in his individual and official capacities.

**RESPONSE: Defendant Vinson (sued as "Lt. Vinson") admits that he is a Correctional Lieutenant at Vienna. Defendant Vinson further admits that Plaintiff's Second Amended Complaint [Doc. 16] purports to sue him in individual and official capacities.**

5.     Defendant Blessing is a correctional officer at VCC. He is sued in his individual and official capacities.

**RESPONSE: Defendant Blessing (sued as "C/O Blessing") admits that he is a Correctional Officer at Vienna. Defendant Blessing further admits that Plaintiff's Second Amended Complaint [Doc. 16] purports to sue him in individual and official capacities.**

6.     Defendant Mitchell is a correctional officer at VCC. He is sued in his individual and official capacities.

**RESPONSE: Defendant Mitchell (sued as "Lt. Mitchell") admits that he is a Correctional Lieutenant at Vienna. Defendant Mitchell further admits that Plaintiff's Second Amended Complaint [Doc. 16] purports to sue him in individual and official capacities.**

7.     Defendant Harrison is a correctional officer at VCC. He is sued in his individual and official capacities.

**RESPONSE: Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no response is required.**

## JURISDICTION AND VENUE

8.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this suit is authorized by 42 U.S.C. § 1983 to redress the deprivation of rights, privileges and immunities guaranteed by the Eighth Amendment to the United States Constitution.

**RESPONSE: Defendants admit the allegations in this paragraph.**

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this lawsuit took place in this District.

**RESPONSE: Defendants admit that venue is proper.**

## BACKGROUND

10.     Plaintiff has a long history of severe back pain and has more recently experienced pain in his genitals.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.**

11.     While incarcerated at VCC, Plaintiff repeatedly sought a diagnosis of his condition and proper medical care, but Plaintiff was not properly examined and the care he has received has generally been limited to the rote advice of "eat well and exercise more" along with the occasional ibuprofen.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

12.     Because Plaintiff's ongoing and unmediated pain was not adequately treated by those with the direct responsibility of caring for him, Plaintiff utilized the prison system's internal grievance system in order to draw attention to his pain and untreated medical conditions.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit Plaintiff filed grievances at relevant times regarding his medical care, but lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

13.     For example, Plaintiff submitted an emergency grievance dated December 1, 2014, in which he reported "excruciating pain" in his back and discomfort in his genitals for which he could not even obtain a single ibuprofen without paying 5 dollars. In his grievance, Plaintiff reported being in "extreme pain for months" at VCC and making repeated requests for proper treatment. Despite the emergency nature of this grievance, Plaintiff received no immediate response.[1]

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit Plaintiff submitted a grievance dated December 1, 2014, which contains allegations substantially similar to the allegations of the above paragraph. Records indicate the grievance was determined to be of an emergency nature by the Chief Administrative Officer or his designee on December 3, 2014, received by the Health Care Unit on**

---

[1] On February 23, 2015, Plaintiff received a response dated January 27, 2015 (with the concurrence of VCC's chief administrative officer dated February 2, 2015), and as with all of his grievances, this one was denied without obtaining further information from Plaintiff or allowing him to respond to information that was used against him before the denial was issued.

**December 11, 2014, received by the Grievance officer on December 15, 2014, reviewed by the Grievance Officer on January 27, 2015, which included information that the offender refused his requested sick call on December 1, 2014, that he had been medically evaluated for his complaints, that his doctors had requested and received records from outside providers, and that he was receiving appropriate medical/dental care. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

14.     Yet, Plaintiff's pain was unrelenting, and he continued to try and work within the system to obtain proper medical treatment. In addition to submitting grievances, Plaintiff's efforts included requests for crisis intervention, attempts to hold those responsible accountable, declarations of hunger strikes, and the use of other opportunities to draw attention to Plaintiff's untreated back pain and worrisome genital pain.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit Plaintiff has been placed in a crisis cell on at least one occasion and has declared at least one hunger strike. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

15.     There efforts were not well received, especially by the ground-level prison personnel who had contact with Plaintiff. These prison personnel, including Defendants, regarded Plaintiff as a nuisance and as someone who needed to be put back into his place.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants deny the allegations in this paragraph.**

16.     On or about November 17, 2014, Plaintiff requested proper medical treatment after prison personnel interfered with Plaintiff's attempt to take some medication.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

17.     In response, Plaintiff requested crisis intervention and indicated that he would exercise his right to submit a grievance.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

18.     Lt. Mitchell told Plaintiff that he would be placed in the segregation unit if he persisted in exercising his right to submit a grievance.

**RESPONSE: Defendant Mitchell denies telling Plaintiff that he would be placed in the segregation unit if he persisted in exercising his right to submit a grievance. Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

19.     Plaintiff would not relent and filed a grievance,[2] and Plaintiff was placed in segregation.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit Plaintiff submitted a grievance dated November 17, 2014 regarding his medical care. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

20.     Because Plaintiff had received no substantive response to any of his grievances and his pain remained untreated, Plaintiff decided to try a different approach, and on December 11, 2014, he sent a complaint letter.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

21.     In his letter, Plaintiff demanded that prison personnel (specifically, Lt. Harrison) act and respond to his grievances to be afforded proper medical care. If Lt. Harrison failed to act, Plaintiff wrote that he would exercise his lawful right to file a civil action for a violation of Plaintiff's rights under the Eighth Amendment to the Constitution.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

**Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.]**

---

[2] The grievance is dated November 17, 2014, and the grievance was denied via a report dated February 13, 2015 (with the concurrence of the VCC's chief administrative officer, dated March 2, 2015). Plaintiff appealed to the Administrative Review Board ("ARB"), which remanded the matter back to prison officials at VCC via a letter dated August 19, 2015. Thereafter, the grievance was denied for a second time via a report dated September 1, 2015 (with the concurrence of the prison's chief administrative officer, dated September 14, 2015). Plaintiff appealed, and the ARB affirmed the second denial via a letter dated October 14, 2015.

22.   Lt. Harrison wrongfully retaliated and denied Plaintiff access to the courts by improperly treating Plaintiff's statement as a threat and formally charging Plaintiff with making a threat, engaging in intimidation, and acting with insolence.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**
**Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.]**

23.   As a direct result, Plaintiff was again placed in segregation.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit Plaintiff received assignment to segregation based on intimidation or threats and insolence on December 26, 2014. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

24.   Plaintiff again filed a grievance.[3]

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit Plaintiff filed a grievance dated December 11, 2014. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

25.   Because Plaintiff's grievances, letters, requests for crisis intervention, and even declarations of hunger strikes failed to attract attention to the issue of Plaintiff's untreated pain and only seemed to result in punishment, Plaintiff tried a more drastic approach of obtaining attention and flooded his cell on December 31, 2014.

**RESPONSE: Defendants admit Plaintiff flooded his cell on December 31, 2014. Defendants admit Plaintiff flooded his cell in the winter of 2014-2015, but lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

26.   Defendant Vinson responded and acted viciously and inappropriately by intentionally dumping all of Plaintiff's personal property in a puddle of water in Plaintiff's prison cell. This resulted in the destruction of some of Plaintiff's personal property, including Plaintiff's legal paperwork.

---

[3] The grievance is dated December 11, 2014, and the grievance was denied via a report dated April 20, 2015 (with the concurrence of the VCC's chief administrative officer, dated April 20, 2015). Plaintiff appealed to the ARB on May 6, 2015, and the ARB affirmed the denial of his grievance on October 21, 2015.

**RESPONSE: Defendant Vinson admits that some of Plaintiff's personal property was removed from the cell and placed in the trash after Plaintiff flooded his cell on December 31, 2014, but denies any interaction with any of Plaintiff's property on that date. Defendant Vinson lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

27.    At that time, Vinson also attempted to assault Plaintiff, but the assault was prevented by another correctional officer.

**RESPONSE: Defendant Vinson denies the allegations in this paragraph.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

28.    Plaintiff was then handcuffed in the prison shower for no less than 2 hours before being placed alone in a segregation ward that left Plaintiff entirely isolated.

**RESPONSE: Defendant Vinson admits Plaintiff was handcuffed in the prison shower for some amount of time after Plaintiff flooded his cell on December 31, 2014 so that work crews could clean up the cell. Defendant Vinson denies Plaintiff was handcuffed in the prison shower for 2 hours or more. Defendant Vinson lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

29.    As a result, Plaintiff expressed suicidal ideation and was taken from segregation to a crisis cell.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit Plaintiff was placed in a crisis cell at some point, but lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

30.    While in the crisis cell, Plaintiff's physical condition was monitored, which monitoring included obtaining physical assessments by a nurse who was accompanied by correctional officers.

**RESPONSE: Defendant Vinson admits the allegations in this paragraph.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

31.   On December 31, 2015, a prison nurse (accompanied by Defendant Vinson and another officer) was involved in assessing Plaintiff's physical condition. This nurse began ridiculing Plaintiff and stated that she was "more of a man" than Plaintiff would ever be. In response, Plaintiff stated, "Yeah, I bet you are."

**RESPONSE: Defendant Vinson admits that, on December 31, 2015, he accompanied a prison nurse who assessed Plaintiff's physical condition. Defendant Vinson lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

32.   In response, Vinson angrily attempted to strike Plaintiff but was only prevented from doing so by the other accompanying officer who told Vinson, "It isn't worth it."

**RESPONSE: Defendant Vinson denies the allegations in this paragraph.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

33.   Later, another correctional officer threatened Plaintiff by telling him that there were no cameras in range of Plaintiff's cell and that "they" could do anything they wanted, including telling prison officials that it was Plaintiff who tried to assault Vinson.

**RESPONSE: Defendant Vinson lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

34.   Plaintiff subsequently declared a hunger strike, knowing that the declaration of a hunger strike requires that certain prison protocols be filed, including physical assessments by a health provider.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them,**

**Defendants admit there are certain protocols that govern the declaration of a hunger strike and medical personnel assessing the inmate, but lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

35.    On January 3, 2015, Defendants Vinson and Blessing escorted Plaintiff to the location where the physical assessment was to be performed.

**RESPONSE: Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

**The allegations in this paragraph are not directed toward Defendant Mitchell. In the event the allegations in this paragraph are construed as directed toward him, Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

36.    During the assessment, Plaintiff was attempting to provide information to the nurse, but Vinson was interfering. Plaintiff encouraged Vinson to stop interfering and stated that Vinson's present role was to provide security.

**RESPONSE: Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations. Defendant Vinson denies interfering with an inmate seeking medical attention.**

**The allegations in this paragraph are not directed toward Defendant Mitchell. In the event the allegations in this paragraph are construed as directed toward him, Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

37.    The nurse became angry and ended the assessment. Plaintiff protested, stating that this was a violation of hunger strike protocol and that he would file a grievance.

**RESPONSE: Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

**The allegations in this paragraph are not directed toward Defendant Mitchell. In the event the allegations in this paragraph are construed as directed toward him, Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

38.    This angered Vinson, who pulled the handcuffed Plaintiff back to the crisis cell.

**RESPONSE: Defendant Vinson lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendant Mitchell or Blessing. In the event the allegations in this paragraph are construed as directed toward him,**

**Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

39.     In returning Plaintiff to his cell, Vinson slammed Plaintiff's face into the doorway of the cell, which chipped Plaintiff's tooth and caused a head injury.

   **RESPONSE: Defendant Vinson denies the allegations in this paragraph.**
   **The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

40.     Vinson then reared back to kick Plaintiff, but another officer stopped Vinson from kicking Plaintiff.

   **RESPONSE: Defendant Vinson denies the allegations in this paragraph.**
   **The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

41.     With the door of the crisis cell closed behind him, Plaintiff remained handcuffed with his hands behind his back, and Vinson told him to back up to the "chuck hold" in order to have the handcuffs removed. When he did so, Vinson violently twisted Plaintiff's arms causing him to scream in pain.

   **RESPONSE: Defendant Vinson admits instructing Plaintiff to approach the "chuck hole" to remove Plaintiff's handcuffs. Defendant Vinson denies violently twisting Plaintiff's arms. Defendant Vinson lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.**
   **The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

42.     Later, a nurse arrived to obtain Plaintiff's urine sample. Plaintiff attempted to obtain medical attention for the injuries he sustained as a result of being slammed into the cell door by Vinson and of having his arms twisted.

   **RESPONSE: Defendant Vinson denies slamming Plaintiff into the cell door and twisting his arms. Defendant Vinson lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.**
   **The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

43.     Instead of obtaining any treatment or being afforded an opportunity to even speak, Defendant Blessing grabbed Plaintiff around the throat and choked him, while Defendant Vinson grabbed Plaintiff's jaw so that Plaintiff could not speak any further to the nurse.

**RESPONSE: Defendants Blessing and Vinson deny the allegations in this paragraph. The allegations in this paragraph are not directed toward Defendant Mitchell. In the event the allegations in this paragraph are construed as directed toward him, Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

44.     After the shift change, Plaintiff reported what had happened to him.[4]

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

45.     Thereafter, on January 4, 2015, Plaintiff was moved to a cell in the health care unit that had no running water and exterior doors were left ajar or otherwise opened in order to let the cold in and make Plaintiff extremely cold and uncomfortable, thereby threatening Plaintiff's health and wellbeing.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit records reflect Plaintiff was moved to cell M:01:DC on January 4, 2015. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

46.     On January 5, 2015, Warden Hilliard spoke to Plaintiff, and Plaintiff reported to Warden Hilliard what Vison and Blessing had done to him and how he had been subsequently treated.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations. Defendants Vinson and Blessing deny the claims against them.**

47.     Warden Hilliard stated that he "smelled a rat" and asked Plaintiff what he wanted. Plaintiff requested that he be released from segregation and transferred.

---

[4] On or about January 14, 2015, Plaintiff filed a grievance that named Vinson and Blessing and set forth the facts concerning the assault and other wrongful acts that Plaintiff suffered at their hands. This grievance was denied. On or about January 22, 2015, Plaintiff appealed to the ARB. In a letter dated June 5, 2015, the ARB denied Plaintiff's grievance.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

48.     Plaintiff was released from segregation and transferred to PCC on January 14, 2015.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit records reflect Plaintiff was transferred on January 14, 2015, but lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

49.     After the transfer, Plaintiff learned that on or about January 6, 2015, Vinson had maliciously and falsely told other inmates who were also transferred from VCC to PCC that Plaintiff had been placed in protective segregation at VCC because Plaintiff had "snitched" on a gang chief in Chicago.

**RESPONSE: Defendant Vinson denies informing inmates who were being transferred from Vienna to Pontiac Correctional Center ("Pontiac") that Plaintiff had been placed in protective segregation at Vienna because Plaintiff had "snitched" on a gang chief in Chicago. Defendant Vinson further denies the allegations in this paragraph.**
**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

50.     Upon information and belief, the other VCC inmates who were transferred to PCC spread the lie told to them by Vinson.

**RESPONSE: Defendant Vinson lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**
**The allegations in this paragraph are not directed toward Defendants Blessing and Mitchell. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Mitchell lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

51.     As a result, Plaintiff was assaulted at PCC when other inmates threw urine on him and threatened his life.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

52.    Plaintiff has properly exhausted his administrative remedies relating to all of his claims.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

## COUNT I
### (Excessive Force Against Lt. Vinson and C/O Blessing)

53.    Plaintiff hereby incorporates, as though fully set forth herein, all of the allegations of the foregoing paragraphs.

**RESPONSE: Defendants hereby incorporate, as though fully set forth herein, all of their responses to the foregoing paragraphs.**

54.    Vinson and Blessing intentionally used excessive and extreme force against Plaintiff when they assaulted him on January 3, 2015. Specifically, Vinson slammed Plaintiff's face into a doorway, clenched his jaws in a tight grip, committed at least two batteries, and spread false stories about him in an attempt to threaten his life. Specifically, Blessing choked Plaintiff.

**RESPONSE: Defendants Blessing and Vinson deny the allegations in this paragraph. The allegations in this paragraph are not directed toward Defendant Mitchell. In the event the allegations in this paragraph are construed as directed toward him, Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

55.    Excessive force was used solely to cause Plaintiff harm and for no other purpose.

**RESPONSE: Defendants Blessing and Vinson deny the allegations in this paragraph. The allegations in this paragraph are not directed toward Defendant Mitchell. In the event the allegations in this paragraph are construed as directed toward him, Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

56.    Vinson and Blessing both caused Plaintiff harm, including causing Plaintiff injuries to his head and mouth and emotional distress.

**RESPONSE: Defendants Blessing and Vinson deny the allegations in this paragraph. The allegations in this paragraph are not directed toward Defendant Mitchell. In the event the allegations in this paragraph are construed as directed toward him, Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

57.     Vinson and Blessing acted under the color of law.

**RESPONSE: Defendants Blessing and Vinson admit that while acting as security personnel at Vienna, they act under the color of law, and lack knowledge or information sufficient to form a belief as to the remaining allegations of the above paragraph.**

**The allegations in this paragraph are not directed toward Defendant Mitchell. To the extent a response is required, Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations of the above paragraph.**

## COUNT II
### (Retaliation Against Lt. Mitchell)

58.     Plaintiff hereby incorporates, as though fully set forth herein, all of the allegations of the foregoing paragraphs.

**RESPONSE: Defendants hereby incorporate, as though fully set forth herein, all of their responses to the foregoing paragraphs.**

59.     On or about November 17, 2014, Plaintiff stated that he would exercise his protected right to submit a grievance concerning the denial of adequate medical care to which he was constitutionally entitled.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

60.     Mitchell wrongfully threatened that, if Plaintiff exercised his protected right to file a grievance, Plaintiff would be placed in segregation.

**RESPONSE: Defendant Mitchell denies threatening that, if Plaintiff exercised his protected right to file a grievance, Plaintiff would be placed in segregation. Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

61.     Plaintiff submitted a grievance.

**RESPONSE: The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants admit Plaintiff has submitted grievances in the past, but lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

62.     Plaintiff was placed in segregation for submitting his grievance, which constitutes an adverse action such that Mitchell's retaliatory conduct would deter other inmates of ordinary firmness from exercising their respective rights to file grievances under similar circumstances.

**RESPONSE: Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

63.     Plaintiff's act in filing the grievance caused Mitchell's retaliatory conduct that resulted in Plaintiff being placed in segregation.

**RESPONSE: Defendant Mitchell denies engaging in retaliatory conduct that resulted in Plaintiff being placed in segregation. Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

64.     Mitchell acted under the color of law.

**RESPONSE: Defendant Mitchell admits that while acting as one of the security personnel at Vienna, he acts under the color of law. Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

<u>**COUNT III**</u>
**(Retaliation Against Lt. Harrison)**

65.     Plaintiff hereby incorporates, as though fully set forth herein, all of the allegations of the foregoing paragraphs.

**RESPONSE: Defendants hereby incorporate, as though fully set forth herein, all of their responses to the foregoing paragraphs.**

66.     On or about December 11, 2014, Plaintiff engaged in constitutionally protected speech by writing a letter of complaint to Harrison, in which Plaintiff stated that he would exercise his rights

and file a lawsuit against Harrison if Plaintiff did not receive the adequate medical care to which he was constitutionally entitled.

**RESPONSE: Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no further answer is required.**
**The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

67.     Harrison responded by filing an Inmate Disciplinary Report ("IDR") against Plaintiff for intimidation, threats, and insolence.

**RESPONSE: Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no further answer is required.**
**The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

68.     Plaintiff was punished for sending the letter of complaint by being placed in segregation for 15 days, which constitutes an adverse action such that Harrison's retaliatory conduct would deter other inmates of ordinary firmness from exercising their respective rights to file grievances under similar circumstances.

**RESPONSE: Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no further answer is required.**
**The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

69.     Plaintiff's act of sending the letter caused Harrison's retaliatory conduct that resulted in Plaintiff being placed in segregation.

**RESPONSE: Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no further answer is required.**
**The allegations in this paragraph are not directed toward Defendants. In the event the allegations in this paragraph are construed as directed toward them, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

70.     Harrison acted under the color of law.

**RESPONSE: Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no further answer is required.**

## COUNT IV
### (Denial of Access to the Courts Against Lt. Mitchell)

71.     Plaintiff hereby incorporates, as though fully set forth herein, all of the allegations of the foregoing paragraphs.

**RESPONSE: Defendants hereby incorporate, as though fully set forth herein, all of their responses to the foregoing paragraphs.**

72.     On or about November 17, 2014, Mitchell intentionally threatened Plaintiff by stating that, if Plaintiff exercised his right to file a grievance (thereby commencing the process of reaching the courts) concerning the denial of adequate medical care, Plaintiff would be punished and placed in segregation.

**RESPONSE: This claim was dismissed from this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no additional response is required. Notwithstanding and subject to that, Defendant Mitchell denies the allegations of the above paragraph.**
**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

73.     Plaintiff submitted a grievance, and Plaintiff was placed in segregation.

**RESPONSE: This claim was dismissed from this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no additional response is required. Notwithstanding and subject to that, Defendant Mitchell admits Plaintiff filed grievances in the past, and that Plaintiff has been placed in segregation in the past. Defendant lacks knowledge as to any remaining allegations in this paragraph, and therefore denies the allegations.**
**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson admit Plaintiff filed grievances in the past, and that Plaintiff has been placed in segregation in the past. Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

74.     Mitchell acted under the color of law.

**RESPONSE: This claim was dismissed from this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no additional response is required. Notwithstanding and subject to that, Defendant Mitchell admits that while acting as one of the security personnel at Vienna, he acts under the color of law. Defendant Mitchell lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny the allegations.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

75.     Mitchell's conduct hindered Plaintiff's effort to rightful assert and pursue a non-frivolous legal claim.

**RESPONSE: This claim was dismissed from this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no additional response is required. Notwithstanding and subject to that, Defendant Mitchell denies the allegations in this paragraph.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

76.     Plaintiff was harmed by Mitchell's misconduct, which included having to endure the indignity and isolation of being placed in segregation.

**RESPONSE: This claim was dismissed from this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.] Therefore, no additional response is required. Notwithstanding and subject to that, Defendant Mitchell denies the allegations in this paragraph.**

**The allegations in this paragraph are not directed toward Defendants Blessing and Vinson. In the event the allegations in this paragraph are construed as directed toward them, Defendants Blessing and Vinson lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny the allegations.**

## <u>COUNT V</u>
### (Denial of Access to the Courts Against Lt. Harrison)

77.     Plaintiff hereby incorporates, as though fully set forth herein, all of the allegations of the foregoing paragraphs.

**RESPONSE: Defendants hereby incorporate, as though fully set forth herein, all of their responses to the foregoing paragraphs.**

78.    On or about December 11, 2014, Harrison intentionally issued an IDR against Plaintiff—charging him with intimidation, threats and insolence—because Plaintiff sent Harrison a letter in which Plaintiff stated that he would exercise his rights and file a lawsuit against Harrison if Plaintiff did not receive the adequate medical care to which he was constitutionally entitled.

**RESPONSE: Allegations in Lieutenant Harrison and this claim were dismissed from this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.]**

79.    Harrison acted under the color of law.

**RESPONSE: Allegations in Lieutenant Harrison and this claim were dismissed from this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.]**

80.    Harrison's conduct hindered Plaintiff's rightful efforts to pursue a non-frivolous legal claim by punishing him and isolating him in segregation.

**RESPONSE: Allegations in Lieutenant Harrison and this claim were dismissed from this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.]**

81.    Plaintiff was harmed by Harrison's misconduct, which included having to endure the indignity and isolation of being placed in segregation.

**RESPONSE: Lieutenant Harrison was dismissed as a defendant in this action pursuant to this Honorable Court's November 7, 2016, merit review Order. [Doc. 17.]**

## REQUESTED RELIEF

Defendants deny Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Defendants request a trial by jury in this matter.

## AFFIRMATIVE DEFENSES

1.    At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the doctrine of qualified immunity.

2.      Plaintiff has filed suit concerning prison conditions while in the Department of Corrections. Plaintiff has failed to properly exhaust his administrative remedies as is required prior to filing suit under 42 U.S.C. §1983 and his claims are, therefore, barred by the Prison Litigation Reform Act (42 U.S.C. §1997e(a)) and Perez v. Wisconsin Dept. of Corrections, 182 F. 3d 532 (7th Cir. 1999).

3.      To the extent Plaintiff is suing Defendants for declaratory relief or injunctive relief not intended to address ongoing violations or his claims for injunctive relief are not in conformity with federal law, Plaintiff's requests for such relief are barred by the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act (42 U.S.C. §1997e(a)).

4.      To the extent Plaintiff's allegations require the invalidation of any discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

5.      Under the Eleventh Amendment, Plaintiff's complaint for monetary damages against Defendants in their official capacity is barred by the doctrine of sovereign immunity.

6.      To the extent that Plaintiff is suing Defendants for the actions of a subordinate in which Defendants were not directly involved, such claims are barred because the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Honorable Court both deny Plaintiff any relief in this matter whatsoever, and enter judgment in their favor.

Respectfully submitted,

JARED BLESSING, DAVID MITCHELL, and
JAMES VINSON,

    Defendants,

LISA MADIGAN, Attorney General,
State of Illinois

    Attorney for Defendants,

Max Boose, #6320334
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 557-0261 Phone
(217) 524-5091 Fax
Email: mboose@atg.state.il.us

By:  s/Max Boose
    MAX BOOSE
    Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

DWAINE COLEMAN, #B-62923,      )
        )
      Plaintiff,      )
        )
      -vs-      )   No. 15-898-SMY-RJD
        )
JAMES VINSON, et al.,      )
        )
      Defendants.      )

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I caused the foregoing document, Defendants' *Answer and Affirmative Defenses*, to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

      Michael J. Hickey      mhickey@lewisrice.com

and I hereby certify that on the same date, I caused a copy of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

      NONE

      Respectfully submitted,

      s/Max Boose
      Max Boose, #6320334
      Assistant Attorney General
      Attorney for Defendants
      Office of the Attorney General
      500 South Second Street
      Springfield, Illinois  62701
      (217) 557-0261 Phone
      (217) 524-5091 Fax
      Email:  mboose@atg.state.il.us