IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DWAINE COLEMAN, #B-62923, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 15-898-SMY-RJD |
| | ) |
| JAMES VINSON, LT. MITCHELL, | ) |
| LT. HARRISON, and C/O BLESSING, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN
SUPPORT OF DEFEDANT MITCHELL'S MOTION FOR SUMMARY
JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendant, DAVID MITCHELL, by and through his attorney, LISA MADIGAN, Attorney General of the State of Illinois, in support of his Motion for Partial Summary Judgement pursuant to Fed. R. Civ. P. 56, states as follows:

**UNDISPUTED MATERIAL FACTS**

1. Plaintiff, Dwaine Coleman, Register Number B62923, is currently an inmate at Menard Correctional Center ("Menard") of the Illinois Department of Corrections ("IDOC"), and was an inmate at Vienna Correctional Center ("Vienna") and Pontiac Correctional Center ("Pontiac") at all times relevant to the instant suit. (d/e 16, at 1; d/e 17, at 1, 2, 5.)

2. Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. (d/e 16, at 2; d/e 17, at 1.)

3. Specifically, Plaintiff contends that: (1) Defendants Blessing and Vinson subjected Plaintiff to the unauthorized use of excessive force and/or failed to protect him from the same on or around January 3, 2015; and (2) Defendant Mitchell retaliated against Plaintiff by placing him in segregation on or around November 17, 2014. (d/e 17, at 5-6, 11.)

4.      Melissa Phoenix is a Chairperson for the Administrative Review Board ("ARB") for the Office of Inmate Issues at IDOC. (*See* Declaration of Melissa Phoenix, attached as Exhibit A.) Chairperson Phoenix searched the records for grievances filed by Plaintiff with the ARB. (*Id.* at ¶ 6.)

5.      A review of the relevant ARB record indicates that Plaintiff appealed numerous grievances to the ARB between early 2015 and early 2017. (*See* ARB Records for Inmate B62923, attached as Exhibit B, at 1-3). Of those grievances, two are relevant to the instant case, and are listed in chronological order:

> a.      Grievance dated November 17, 2014. (*Id.* at 23-24, 29-30.) Plaintiff grieved, *inter alia*, that Defendant Mitchell retaliated against him by placing him in segregation on November 17, 2014. This grievance was marked as an emergency grievance, with the Chief Administrative Officer ("CAO") of Vienna indicating it was not an emergency on November 18, 2014. (*Id.* at 23, 29.) On December 22, 2014, a counselor responded to this grievance, stating that Plaintiff was paced in segregation because of a disciplinary report written by Correctional Officer Dent. On February 13, 2015, a grievance officer denied this grievance, indicating that Plaintiff was insolent and disrespectful to staff, and the CAO concurred on March 2, 2015. (*Id.* at 21, 28.) While the ARB received this grievance on March 2, 2015, its response is not relevant to the instant question of whether Plaintiff exhausted his administrative remedies. (*Id.* at 20, 27.) This is because Plaintiff commenced the instant suit on August 13, 2015 (d/e 1, at 1), six (6) days *before* he received the ARB's first response to this grievance on August 19, 2015. (Ex. B, at 20, 27.) Thus, Plaintiff failed to complete the grievance process for this grievance.
>
> b.      Grievance dated January 14, 2015. (*Id.* at 74-75.) Plaintiff grieved that he was assaulted by Defendants Blessing and Vinson on January 3, 2015. On June 5, 2015, the ARB denied this grievance as appropriately addressed, indicating that—due to a lack of supporting information—Plaintiff's allegations of staff misconduct could not be substantiated. (*Id.* at 73.)

6.      The Menard, Pontiac, and Vienna Orientation Manuals outline the proper grievance process for inmate grievances, as set forth in 20 Ill. Admin. Code § 504.800 *et seq.*

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Only disputes over facts that

might affect the outcome of the lawsuit, under the governing law, will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby Inc*. 477 U.S. 242, 248 (1998). In making this determination, the court is to draw inferences from the record in the light most favorable to the non-moving party. The court is not required to draw every conceivable inference; rather, it may draw only those that are reasonable. *DeValk Lincoln Mercury, Inc. v. Ford Motor Co*. 811 F.2d 326, 329 (7th Cir. 1987) (citing *Matthews v. Allis-Chalmers*, 769 F.2d 1215, 1218 (7th Cir. 1985)).

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), the U.S. Supreme Court established that a party moving for summary judgment can prevail simply by showing that the other party has no evidence on an issue for which that party has the burden of proof. Additionally, the 7th Circuit has reasoned that "[w]here the record taken as a whole [cannot] lead a rational trier of fact to find for the nonmoving party, there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co*. 864 F.2d 1359, 1363 (7th Cir. 1988) (citation omitted). It is the non-movant's burden to come forward with evidence that would reasonably permit the finder of fact to find in his favor on a material question; otherwise, the court must enter summary judgment against him. *Waldridge v. American Hoechst Corp.* 24 F.3d 918, 920 (7th Cir. 1994).

While generally, the Court does not decide at summary judgment stage on the weight of the evidence, judge witness credibility, or determine the truth of the matter, a different standard applies to summary judgment on the issue of exhaustion. *Nat'l Athletic Sportswear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). When exhaustion of administrative remedies is at issue, the judge may determine "debatable factual issues relating to the defense of failure to exhaust administrative remedies." *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).

**STANDARD FOR EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Pursuant to the Prison Litigation Reform Act, all prison inmates bringing an action under 42 U.S.C. § 1983, with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. (42 U.S.C. §1997e(a)). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies are exhausted.

42 U.S.C. §1997e(a).

Section 1997e(a)'s exhaustion requirement is mandatory and applies to all prisoners seeking redress for wrongs occurring in prison. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, (2002). A district court lacks discretion to resolve a claim on the merits unless a prisoner has exhausted all administrative remedies available to him. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Pursuit of administrative remedies is necessary no matter what relief the Plaintiff seeks, including monetary damages. *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001). The exhaustion statute is "too clear" and suits "must be dismissed" if administrative remedies are not followed. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 533, 534 (7th Cir. 1999). That exhaustion of administrative remedies would be futile is no exception or excuse to the requirement. *Id.* at 537. Plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006) (holding that prisoner cannot satisfy exhaustion requirement by filing untimely or otherwise procedurally defective grievances).

To sufficiently exhaust all administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo v. McCaughtry*,

286 F.3d 1022, 1025 (7th Cir. 2002). For an inmate in the Illinois Department of Corrections, this exhaustion includes initially seeking redress of a complaint through his correctional counselor. 20 Ill. Admin. Code § 504.810. If informal resolution is impossible or the grievance concerns a disciplinary proceeding, the inmate must file a written grievance at the institutional level within 60 days of the discovery of the issue giving rise to the grievance. 20 Ill. Admin. Code §504.810. An inmate must also appeal an unfavorable decision to the Director or his designees in the ARB within 30 days after the date of the decision by attaching copies of the grievance officer's report and the CAO's decision. 20 Ill. Admin. Code § 504.850. Then, the Director of IDOC "shall review the findings and recommendations of the . . . [ARB] and make a final determination of the grievance within six months after  . . . [the ARB's] receipt of the appealed grievance, when reasonably feasible under the circumstances." *Id.* at § 504.850(e). Therefore, unless a decision has been issued by the Administrative Review Board, an inmate has not <u>fully</u> exhausted his administrative remedies. 20 Ill. Admin. Code § 504.810; *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). In addition, the Illinois Administrative Code provides that inmate grievances must include the name of each person who is the subject of or who is otherwise involved in the complaint. 20 Ill. Admin Code §504.810.

## ARGUMENT

### A.    Plaintiff Was Required to Exhaust His Available Administrative Remedies.

Plaintiff was an inmate with IDOC at the time he filed the instant suit. (d/e 16,  at 1; d/e 17, at 1, 2, 5.) Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. (d/e 16,  at 2; d/e 17, at 1.) Plaintiff was a "prisoner," as defined by the PLRA, at all times relevant to the instant suit—at the time of the alleged incident, at the time this suit was brought, and now. *See* 42 U.S.C. § 1997e(h) (definition of "prisoner"). Therefore, the PLRA applies to Plaintiff, and he was required

to exhaust his available administrative remedies—with respect to his specific claims against Defendants—before filing the instant suit.

### B.    The Grievance Process Was Available To Plaintiff.

In order to properly exhaust administrative remedies through the grievance process, Plaintiff must have a grievance process that is available to him. § 1997e(a).

To this point, the evidence in this cases indicates that the grievance process was available to Plaintiff because the relevant records show that he fully exhausted his administrative remedies as to one of the two claims at issue in the instant case—that Defendants Blessing and Vinson subjected Plaintiff to the unauthorized use of excessive force and/or failed to protect him from the same on January 3, 2015. (d/e 17, at 5, 11.) This is so because Plaintiff fully raised the issues relevant to this claim in his grievance dated January 14, 2015, and the ARB denied this grievance as appropriately addressed on June 5, 2015. (Ex. B, at 73, 74-75.) This demonstrates that Plaintiff both had access to the grievance procedures provided by IDOC as means of seeking administrative redress, and utilized those very procedures to exhaust his administrative remedies as it relates to those issues raised in his grievance dated January 14, 2015.

### C.    Plaintiff Did Not Exhaust His Available Administrative Remedies with Regard to His Claim Against Defendant Mitchell.

As demonstrated above, Plaintiff had access to the grievance procedures provided by IDOC, and exhausted his administrative remedies as it relates to the issue raised in his grievance dated January 14, 2015—specifically, that he was assaulted by Defendants Blessing and Vinson on or around January 3, 2015. However, Plaintiff did not fully exhaust his administrative remedies prior to filing suit as it relates to his claim against Defendant Mitchell—specifically, that Defendant Mitchell retaliated against him by placing him in segregation on or around November 17, 2014.

Prisoners such as Plaintiff "must exhaust only those administrative remedies that are available[,]" and such remedies become "unavailable" if prison officials fail to respond to an inmate's grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). However, a tardy response from prison officials is does not make a prisoner's administrative remedies unavailable for the purposes of administrative exhaustion. Indeed, a prisoner must allow such officials reasonable time to respond to his grievances before he can make a beeline for the court. *See Mlaska v. Shah*, 428 Fed. Appx. 642, 645 (7th Cir. 2011) (noting that prisoner had not allowed the prison a reasonable time to respond to his grievances at the time he filed suit where prisoner filed suit at most three months after his earliest grievance); *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) ("Illinois made a process available to [the plaintiff]; he had to stick with that process until its conclusion rather than make a beeline for court just because the administrative officials gave his appeal the time needed to resolve it.").

A suit that is filed by a prisoner before administrative remedies have been exhausted must be dismissed, even if the prisoner exhausts while the case is pending. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *accord Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Here, the documents demonstrate that Plaintiff commenced the instant suit on August 13, 2015 (d/e 1, at 1), six (6) days *before* he received the ARB's first response to his November 17, 2014 grievance (Ex. B, at 20, 27)—the only grievance he wrote concerning his current claim against Defendant Mitchell (*See generally id*. at 1-3). Moreover, given that the ARB received Plaintiff's November 17, 2014 grievance on March 2, 2015 (*id*. at 20, 27), Plaintiff filed suit 20

days *before* the six (6) month window intended for ARB responses when reasonably feasible under the circumstances. (*See* 20 Ill. Admin. Code § 504.850(e)). Thus, Plaintiff failed to complete the grievance process for his November 17, 2014 grievance against Defendant Mitchell because, as the PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford*, 548 U.S. at 93. An inmate who does not properly participate in the prison grievance system by giving the ARB an opportunity to address his specific complaints internally will have little incentive to comply with the system's procedural rules in the future unless noncompliance carries a sanction. The proper sanction in this case is dismissal, and summary judgment should be entered for Defendant.

## CONCLUSION

WHEREFORE, Defendants respectfully requests this honorable Court grant their Motion for Partial Summary Judgment on the Issue of Exhaustion of Administrative Remedies.

Respectfully submitted,

DAVID MITCHELL,

Defendants,

Max Boose, #6320334
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 557-0261 Phone
(217) 524-5091 Fax
Email: MBoose@atg.state.il.us

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

By: s/ Max Boose
    Max Boose
    Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| DWAINE COLEMAN, #B-62923, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 15-898-SMY-RJD |
| ) | |
| JAMES VINSON, LT. MITCHELL, ) | |
| LT. HARRISON, and C/O BLESSING, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2017, the foregoing document, *Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies*, to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

Michael J. Hickey        mhickey@lewisrice.com

And I hereby certify that on the same date I mailed by United States Postal Service, the document to the following non-registered participant:

NONE

Respectfully submitted,

s/ Max Boose
Max Boose, #6320334
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-0261 Phone
(217) 524-5091 Fax
Email: MBoose@atg.state.il.us