| | |
|---|---|
| UNITED STATES DISTRICT COURT ) | *Coleman v. Vinson, et al.* |
| SOUTHERN DISTRICT OF ILINOIS ) | Case No. 3:15-cv-00898-SMY-RJD |

### DECLARATION

I, Melissa Phoenix, do hereby declare and state, under penalty of perjury, that I have personal knowledge of the facts and matters discussed in this declaration, and, if called as a witness, that I am competent to testify and would state as follows:

1. I am currently employed as a Chairperson for the Office of Inmate Issues for the Illinois Department of Corrections ("the Department"), otherwise known as the Administrative Review Board ("ARB"). In performing my duties as a Chairperson, among other things, I maintain a thorough knowledge of the operations and record keeping of the ARB, which reviews and responds to grievances filed by Department inmates in the manner set forth herein.

2. Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F, Grievance Procedures for Committed Persons (20 Ill. Admin. Code 504.800, *et seq.*). Generally, an inmate must first attempt to resolve grievances through his counselor. A grievance form is available to inmates for submitting their grievances. The grievance form contains an area for the counselor to respond. After responding to the inmate, the counselor returns the grievance form, with his or her response, to the inmate. If the grieved issue remains unresolved after such informal efforts, the inmate may submit a written grievance to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and recommended relief are forwarded to the CAO. Then, the decision of the CAO or his designee is submitted to the grieving inmate.

EXHIBIT A

3. If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendation to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files. Department Rule 504F: Grievance Procedures for Committed Persons provided no further means for review beyond this step. If the inmate has not followed procedure, and for example, has not first attempted to resolve the issue through his counselor or grievance officer, then the original grievance is returned to him along with a form describing the procedural deficiency.

4. Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include: a) decisions involving the involuntary administration of psychotropic medications; b) decisions regarding protective custody placement; c) decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and d) other issues, except personal property issues, which pertain to a facility other than the facility where the inmate is currently assigned. These grievances are then handled in accordance with the procedures described above in paragraph 3.

5. An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or grievance officer. If the

CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the CAO's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedures described in paragraph 3 above. If the CAO determines that there is not a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance will not be handled on an emergency basis, and the inmate must submit the grievance to his counselor and follow the normal grievance procedure.

6. At the request of the Attorney General's Office, I searched the ARB's records of inmate Dwaine Coleman, Register Number B629234, for any and all grievances filed by Inmate Berry with the ARB between early 2015 and early 2017.

7. Grievance records are maintained by the ARB in the ordinary course of business, and they are made at the time of the events described therein by Department officials with knowledge of the contents of those records.

9. A true and accurate copy of the relevant grievance records for Inmate Coleman are attached to the Memorandum in Support of Defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies. (Exhibit B.)

10. I have read the foregoing and affirm that the facts contained herein are true and correct to the best of my knowledge and belief.

FURTHER DECLARANT SAYETH NAUGHT

s/ Melissa Phoenix
Melissa Phoenix
Executed on July 5, 2017

EXHIBIT A