**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DWAINE COLEMAN,                          )
                                         )
      Plaintiff,                         )
                                         )    Civil No. 3:15-cv-00898-SMY-RJD
vs.                                      )
                                         )
LT. VINSON, et al.,                      )
                                         )
      Defendants.                        )

**PLAINTIFF DWAINE COLEMAN'S MOTIONS IN LIMINE**
**AND MEMORANDUM IN SUPPORT**

COMES NOW Plaintiff Dwaine Coleman ("Plaintiff"), by and through the undersigned

counsel, and moves the Court to exclude:  (1) evidence regarding Plaintiff's criminal history,

including the arrest and convictions that led to his incarceration at Vienna Correctional Center and

the factual underpinnings of each; (2) evidence relating to any conduct violations or disciplinary

actions taken against Plaintiff unrelated to Plaintiff's retaliation claim; (3) all witnesses (other than

parties to this lawsuit) from remaining in the courtroom during opening statements and the

testimony of all other witnesses; and (4) all grievances submitted by Plaintiff that are unrelated to

Plaintiff's claim in the instant lawsuit.  In support of these Motions, Plaintiff states as follows:

I.     **PLAINTIFF'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE**
    **RELATING TO PLAINTIFF'S ARRESTS, CONVICTIONS, AND PRIOR BAD**
    **ACTS.**

    A.     **THE COURT SHOULD PROHIBIT THE INTRODUCTION OF EVIDENCE REGARDING**
        **PLAINTIFF'S ARRESTS, CONVICTIONS, AND PRIOR BAD ACTS BECAUSE SUCH**
        **EVIDENCE IS NOT RELEVANT.**

Evidence regarding the causes and details of Plaintiff's arrests, convictions, and prior bad

acts, including the factual underpinnings of each, should be excluded because they are not relevant

to Plaintiff's allegations that Defendants violated Plaintiff's constitutional rights or any defense

thereto.  Evidence must be relevant to be admissible. FED. R. EVID. 402.  To be relevant, evidence

must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

Here, Plaintiff alleges that Defendants violated his constitutional rights while he was an inmate at Vienna Correctional Center during incidents that took place beginning in November 2014. Evidence regarding Plaintiff's arrests, convictions, and prior bad acts, in some instances occurring over twenty years ago, does not have a tendency to make more or less probable "any fact that is of consequence to the determination of this action." FED. R. EVID. 401. For these reasons, such evidence should be excluded as irrelevant.

**B. THE COURT SHOULD PROHIBIT THE INTRODUCTION OF EVIDENCE REGARDING PLAINTIFF'S ARRESTS, CONVICTIONS, AND PRIOR BAD ACTS BECAUSE SUCH EVIDENCE IS UNFAIRLY PREJUDICIAL UNDER RULE 403.**

Evidence regarding Plaintiff's arrests, convictions, and prior bad acts, and the underlying conduct that served as the basis for each, should be excluded because, even if such evidence were relevant, the probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff. FED. R. EVID. 403. "Unfair prejudice" under Rule 403 refers to the tendency of certain evidence to provoke an emotional response from the jury or to otherwise suggest a decision on an improper basis. *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997).

Courts have repeatedly recognized that the admission of a plaintiff's prior convictions could cause unfair prejudice. *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009) ("Allowing a prior conviction to be used to impeach a witness's testimony is controversial."). The admission of a prior conviction creates the potential for prejudice because such admission may divert the jury's attention away from the facts of Plaintiff's case and, instead, the jury might improperly focus on the circumstances surrounding Plaintiff's incarceration. *Id. See also*

*Davenport v. DeRobertis*, No. 83 C 4392, 1986 WL 4157, at *3 (N.D. Ill. Mar. 31, 1986) (in a civil suit by inmates against Illinois Department of Corrections officials, evidence of inmates' convictions ruled not admissible because convictions were "only minimally probative of [the plaintiffs'] credibility and [were] very likely to cause prejudice to plaintiffs since jurors might be unwilling to award damages once they have focused on the specific serious crimes which resulted in plaintiffs' incarceration.").

Because of the probability of unfair prejudice, the Seventh Circuit has cautioned district courts to "proceed carefully" in allowing evidence of a plaintiff's prior arrest and convictions. *Barber v. City of Chicago*, 725 F.3d 702, 715 (7th Cir. 2013); *see also Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992) (cautioning courts to "be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her."). This is particularly important where, as here, a plaintiff has filed a lawsuit alleging violations of his civil rights because such lawsuits "serve an essential deterrent function in hopes of protecting citizens' vital rights often pit unsympathetic plaintiffs—criminals, or members of the criminal class—against the guardians of the community's safety." *Gora*, 971 F.2d at 1331, *quoting Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990) (internal quotation marks omitted).

C.   **THE COURT SHOULD PROHIBIT THE INTRODUCTION OF EVIDENCE REGARDING PLAINTIFF'S ARRESTS AND CONVICTIONS BECAUSE SUCH EVIDENCE IS NOT ADMISSIBLE UNDER RULE 609.**

Rule 609 also governs the admissibility of evidence related to prior convictions. Under Rule 609(a)(1)(A), when a party wishes to attack a witness' character for truthfulness, evidence of a conviction for a crime punishable by imprisonment for more than a year "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." FED. R. EVID. 609(a)(1)(A). For crimes more than ten years removed from the present, Rule 609(b) creates a heightened standard, and evidence of such a conviction is admissible only if the probative

3

value "*substantially outweighs* its prejudicial effect" and reasonable written notice is given.  FED. R. EVID. 609(b) (emphasis added).

According to the Illinois Department of Corrections, Plaintiff has some arrests and convictions that occurred more than ten years ago, and Defendants cannot satisfy the heightened standard of admissibility because the probative value of such evidence does not substantially outweigh the prejudicial effect.  In the past decade, Plaintiff's criminal history includes convictions for possession of cannabis and aggravated domestic battery.  In criminal cases in the Seventh Circuit, courts employ five considerations when evaluating the probative value against prejudicial effect:

> (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue."

*Martin v. City of Chicago*, 15-CV-04576, 2017 WL 2908770, at *3 (N.D. Ill. July 7, 2017), *quoting United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004).  "While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis."  *Anderson v. City of Chicago*, 2010 WL 4928875, at *2–*3 (N.D. Ill. Nov. 30, 2010).

Here, the impeachment value of Plaintiff's more recent convictions for aggravated domestic battery and possession of cannabis is non-existent and such convictions do not relate to Plaintiff's credibility as a witness.  *See Fermazin v. Menard, Inc.,* 2017 WL 1227937, at *5 (N.D. Ill. Mar. 31, 2017) (aggravated battery has nothing to do with Plaintiff's credibility).  Similarly, Plaintiff's older convictions, including for theft, are equally non-admissible.  *See, e.g., Norris v. Bartunek,* 2017 WL 4556714, at *2 (N.D. Ill. Oct. 12, 2017) (slip copy) (theft is not inherently a crime of dishonesty).  Unfair prejudice would unjustifiably interfere with Plaintiff's case should the Court allow evidence to be presented regarding prior convictions.  If the Defendants are

allowed to mention or introduce any evidence regarding any of Plaintiff's convictions, including those leading to his current incarceration, the unfair prejudice that would befall Plaintiff is self-evident.  The Plaintiff may be cast in a more negative light, and viewed as a "bad person" by the jury.  *See Coles v. City of Chicago*, 2005 WL 1785326, at *3 (N.D. Ill. July 22, 2005) ("A jury that learned of plaintiff's armed robbery conviction well might view him as a 'bad person' not because he is a liar . . . but instead because he committed a dangerous offense."). The jury will focus on the conviction, rather than the issues before it.  In contrast, the probative value of such evidence is non-existent, as the evidence has no bearing on either the issues in this case or Plaintiff's truthfulness as a witness.

The Defendants cannot meet the admissibility burden under Rule 401, and cannot meet the heightened burden under Rule 609(a) or Rule 609(b).  The prejudicial effect of the introduction of the evidence is heavily outweighed by the probative value.  Evidence of Plaintiff's convictions should be excluded.

WHEREFORE, Plaintiff requests that the Court grant Plaintiff's First Motion in Limine and exclude evidence regarding Plaintiff's arrest, convictions, and prior bad acts, as well as the factual basis for each, and award such other and further relief as it deems just and proper.

II.     **PLAINTIFF'S SECOND MOTION IN LIMINE TO BAR REFERENCE TO ANY OF PLAINTIFF'S CONDUCT VIOLATIONS OR DISCIPLINARY HISTORY WHILE INCARCERATED.**

        A.     **THE COURT SHOULD PROHIBIT THE INTRODUCTION OF EVIDENCE REGARDING ANY CONDUCT VIOLATIONS OR DISCIPLINARY HISTORY AS SUCH EVIDENCE IS NOT RELEVANT.**

Plaintiff anticipates that Defendants may attempt to introduce evidence or elicit testimony regarding Plaintiff's IDOC conduct violations and/or disciplinary actions unrelated to his retaliation claim in an attempt to impeach his credibility. Evidence must be relevant to be admissible.  FED. R. EVID. 402.  To be relevant, evidence must have a "tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. With the exception of disciplinary actions related to Plaintiff's retaliation claim, Plaintiff's disciplinary records are not relevant. *See Hynes v. Coughlin*, 79 F.3d 285, 290-91 (2d Cir. 1996) ("where there is no tenable basis for contending that there was an issue such as intent or knowledge, it is error to admit an inmate's disciplinary record."); *Gomez v. Palmer*, 11 C 1793, 2016 WL 212800, at *3 (N.D. Ill. Jan. 19, 2016) ("disciplinary records are not relevant to his claims and do not bear on his credibility or veracity"). As such, the Court should exclude such evidence from being admitted. FED. R. EVID. 402.

**B.   THE COURT SHOULD PROHIBIT THE INTRODUCTION OF EVIDENCE REGARDING PLAINTIFF'S CONDUCT VIOLATIONS OR DISCIPLINARY HISTORY BECAUSE SUCH EVIDENCE IS UNFAIRLY PREJUDICIAL UNDER RULE 403, AND INADMISSIBLE UNDER RULE 404.**

Evidence regarding Plaintiff's conduct violations or disciplinary history while incarcerated, with the exception of disciplinary actions related to Plaintiff's retaliation claim, should be excluded because, even if it were relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Plaintiff. FED. R. EVID. 403. "Unfair prejudice" under Rule 403 refers to the tendency of certain evidence to provoke an emotional response from the jury or to otherwise suggest a decision on an improper basis. *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997). Rule 404(b) prohibits the admission of "[e]vidence of a crime, wrong, or other acts . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b). *See also United States v. McCarthur*, 6 F.3d 1270, 1279 (7th Cir. 1993).

Courts routinely exclude evidence related to an inmate's conduct violations and disciplinary history as highly prejudicial. *See, e.g., Essick v. Debruyn*, 1995 WL 729313, at *2

(N.D. Ind. Nov. 22, 1995) *citing Young v. Rabideau,* 821 F.2d 373, 377 (7th Cir. 1987) ("[misconduct] evidence is considered unfairly prejudicial . . . because its admission makes it likely that the jury will be induced to decide the case on an improper basis"); *Jacobs v. Alexander*, No. 1:05-cv-01625-SAB, 2016 WL 4440957, at *3 (E.D. Cal. Aug. 22, 2016) (inmate's disciplinary history is inadmissible as character evidence under Rule 404(b), but would be excluded as highly prejudicial under Rule 403); *Tirado v. Shutt*, No. 13CV2848-LTS-AJP, 2015 WL 6866265, at *6 (S.D.N.Y Nov. 9, 2015) (motion in limine to allow cross examination on plaintiff' disciplinary history is denied, as any inquiry would have minimal probative value while being highly prejudicial); *Hill v. Arnold*, No. 09-cv-05434-THE, 2015 WL 3523199, at *6-7 (N.D. Cal. June 4, 2015) (disciplinary history cannot be admitted pursuant to Rule 403 and 404(b)); *Lovett v. Cole*, No. 1:11-cv-277, 2014 WL 5802666, at *4-5 (S.D. Ohio Nov. 7, 2014) (acts reflected in disciplinary record are not probative of credibility).

The introduction of Plaintiff's disciplinary history would be unfairly prejudicial to Plaintiff and could encourage the jury to enter a decision on an improper basis.  If the Defendants are allowed to introduce evidence on the issues discussed herein, the unfair prejudice that would befall the Plaintiff is self-evident.  The Plaintiff will be viewed as a "bad person" by the jury. *See Coles*, *supra.* The jury will focus on Plaintiff's disciplinary records (which are largely not at issue), rather than evidence relevant to Plaintiff's claims of excessive force, retaliation, and denial of access to the court (which are directly at issue).  In contrast, the probative value of such evidence is non-existent, as none of the evidence has any bearing on either of the issues in this case or Plaintiff's truthfulness as a witness.

Evidence of Plaintiff's conduct violations and disciplinary history must be excluded to ensure a fair trial to Plaintiff because such evidence has no probative value.  Moreover, such

evidence will be unduly prejudicial to Plaintiff's case and may confuse the jury as to the relevant facts and issues. Exclusion of such evidence is therefore warranted pursuant to Rule 403 of the Federal Rules of Evidence, and not admissible under Rule 404.

        **C.**    **THE COURT SHOULD PROHIBIT THE INTRODUCTION OF EVIDENCE REGARDING PLAINTIFF'S CONDUCT VIOLATIONS OR DISCIPLINARY HISTORY BECAUSE SUCH EVIDENCE DOES NOT FALL WITHIN THE RULE 608 EXCEPTION.**

Plaintiff's disciplinary history is likewise inadmissible under Rule 608(b). Under Rule 608(b), extrinsic evidence is not admissible to prove specific instances of conduct or to show a witness' character for truthfulness. FED. R. EVID. 608(b). However, cross-examination on the evidence may be allowed if it is probative of the witness' character for truthfulness or untruthfulness. FED. R. EVID. 608(b)(1). Nothing in Plaintiff's disciplinary record is probative of Plaintiff's truthfulness or untruthfulness. Plaintiff's disciplinary history includes alleged violations of disobeying a direct order and insolence, which do not speak to Plaintiff's character for truthfulness or untruthfulness. In addition to the inadmissibility of this evidence pursuant to Rule 403 and 404, Defendants cannot rely on Rule 608 for admission of this evidence.

WHEREFORE, Plaintiff requests that the Court grant Plaintiff's Second Motion in Limine and exclude any evidence of Plaintiff's conduct violations and/or disciplinary history while incarcerated, and for such other and further relief as this Court deems just and proper.

**III.**    **PLAINTIFF'S THIRD MOTION IN LIMINE TO EXCLUDE NON-PARTY WITNESSES FROM THE COURTROOM DURING TRIAL.**

        **A.**    **THE COURT SHOULD EXCLUDE NON-PARTY WITNESSES FROM THE COURTROOM DURING TRIAL PURSUANT TO FEDERAL RULE OF EVIDENCE 615.**

Federal Rule of Evidence 615 requires exclusion of witnesses from the courtroom during testimony. FED. R. EVID. 615; *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, 2010 WL 747503, at *2 (S.D. Ill. Mar. 2, 2010) (noting that Federal Rule of Evidence 615 codifies the sequestration of witnesses). Moreover, courts recognize that a witness who concludes his or her testimony and

remains to observe some other part of the trial is prohibited from testifying in rebuttal.  *See United States v. Tedder*, 403 F.3d 836, 840 (7th Cir. 2005) ("If [defendant] wanted this witness available for rebuttal, he should have kept him out of the courtroom.").  An Order that covers both of these circumstances would properly prevent the contamination of witness testimony at trial.

WHEREFORE, Plaintiff requests that this Court grant Plaintiffs' Third Motion in Limine and bar all non-party witnesses from the courtroom when they are not testifying and any non-party witness who has observed testimony from later testifying in the case.

**IV.   PLAINTIFF'S FOURTH MOTION IN LIMINE TO BAR REFERENCE TO GRIEVANCES SUBMITTED BY PLAINTIFF NOT AT ISSUE IN THIS CASE.**

**A.   THE COURT SHOULD PROHIBIT THE INTRODUCTION OF EVIDENCE REGARDING ANY GRIEVANCE SUBMITTED BY PLAINTIFF THAT IS NOT AS ISSUE IN THIS CASE AS SUCH EVIDENCE IS NOT RELEVANT AND WOULD BE UNFAIRLY PREJUDICIAL.**

Plaintiff anticipates that Defendants may attempt to introduce evidence or elicit testimony regarding grievances submitted by Plaintiff that are unrelated to his retaliation claim.  Indeed, Defendants attempted to make arguments in their motion for summary judgment regarding grievances that are irrelevant and not at issue.   Evidence must be relevant to be admissible.  FED. R. EVID. 402.  To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  With the exception of grievances related to Plaintiff's retaliation claim, other grievances filed by Plaintiff are not relevant and thus inadmissible.  Only grievances that "go to the central issue" of a case are relevant and thus admissible. *See Mays v. Springborn*, No. 01-CV-1254, 2014 WL 1420232, at *3 (C.D. Ill. Apr. 11, 2014).  In this case, any grievance that relates to Plaintiff's retaliation claim are the only grievances which go to the central issue of this case. Accordingly, all other grievances are irrelevant and inadmissible.  Moreover, admission of unrelated grievances would be unfairly

prejudicial to Plaintiff, in that the jury may perceive Plaintiff as a "bad" person for submitting multiple grievances on multiple issues, none of which are pertinent to the veracity of Plaintiff's current claims.

WHEREFORE, Plaintiff requests that the Court grant Plaintiff's Fourth Motion in Limine and exclude any evidence of grievances submitted by Plaintiff except for those relevant to Plaintiff's retaliation claim, and for such other and further relief as this Court deems just and proper.

Dated: August 30, 2018                             Respectfully submitted,

                                                   **LEWIS RICE LLC**

                                                   By:  /s/ Michael J. Hickey
                                                        Michael J. Hickey, #6272404(IL)
                                                        Jerina D. Phillips #65103(MO)
                                                   600 Washington Avenue, Suite 2500
                                                   St. Louis, MO  63101
                                                   (314) 444-7630
                                                   (314) 612-7630 (facsimile)

                                                   *Attorneys for Plaintiff Dwaine Coleman*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 30th day of August, 2018, a true and correct copy of the foregoing will be delivered to counsel of record via this Court's CM/ECF electronic filing service.

                                                     /s/ Michael J. Hickey