## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAINE COLEMAN,           )
                                   )
        Plaintiff,          )
                                   )     Civil No. 3:15-cv-00898-SMY-RJD
vs.                            )
                                 )
LT. VINSON, et al.,        )
                                 )
        Defendants.     )

### PLAINTIFF DWAINE COLEMAN'S SUPPLEMENTAL MOTION *IN LIMINE* IN RESPONSE TO DEFENDANTS' PRETRIAL DISCLOSURES

COMES NOW Plaintiff Dwaine Coleman ("Plaintiff"), by and through the undersigned counsel, and moves the Court to exclude the introduction of Correctional Officer Jacob Dent ("Correctional Officer Dent") as a witness at trial. In support of this Motion, Plaintiff states as follows:

Federal Rule of Civil Procedure 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also*, *Jenkins v. Bartlett*, 487 F.3d 482, 488 (7th Cir. 2007) ("A party is barred from using at trial evidence that it failed to disclose "without substantial justification" as required by Rule 26(a), unless that failure was harmless."); *Musser v. Gentiva Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (stating that "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless"). The burden is on the Plaintiff to justify non-disclosure or to show that non-disclosure was harmless. *Benders v. Bellows & Bellows, P.C.*, No. 04 C 7326, 2009 WL 1177066, at *5 (N.D. Ill. Apr. 29, 2009).

Defendants disclosed Correctional Officer Dent for the first time during the pendency of this case in their Pretrial Disclosures on August 31, 2018.  In particular, Correctional Officer Dent was not specifically identified in Defendants' prior Rule 26 disclosures as a potential witness, even though Defendants identified thirty-eight (38) individuals with knowledge of the relevant incidents whom Defendants might use to support their defense, along with unnamed medical and mental health providers.  *See* Exhibits A and B hereto.

Because of this late disclosure, Plaintiff has not been given sufficient notice with respect to the discovery of the knowledge Correctional Office Dent may possess and, compounding the problem, discovery has been closed in this case for months.  Thus, Plaintiff would be unfairly prejudiced by the introduction of Correctional Officer Dent at this late stage.  Further, Defendants have not attempted to justify their late disclosure or shown that it was harmless.  For these reasons, this Court should exclude the introduction of Correctional Officer Dent as a witness at trial.

WHEREFORE, Plaintiff requests that the Court grant Plaintiff's Supplemental Motion *in Limine* and exclude he introduction of Correctional Officer Jacob Dent as a witness and for such other and further relief as this Court deems just and proper.

Dated: September 7, 2018                          Respectfully submitted,

                                                 **LEWIS RICE LLC**

                                                 By: /s/ Michael J. Hickey
                                                     Michael J. Hickey, #6272404(IL)
                                                     Jerina D. Phillips #65103(MO)
                                                 600 Washington Avenue, Suite 2500
                                                 St. Louis, MO  63101
                                                 (314) 444-7630
                                                 (314) 612-7630 (facsimile)

                                                 *Attorneys for Plaintiff Dwaine Coleman*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 7th day of September, 2018, a true and correct copy of the foregoing will be delivered to counsel of record via this Court's CM/ECF electronic filing service.

  /s/ Michael J. Hickey_____