IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAINE COLEMAN, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:15-cv-898-RJD
 )
LT. VINSON, C/O BLESSING, and LT. )
MITCHELL, )
 )
    Defendants. )

**ORDER**

**DALY, Magistrate Judge:**

Before the Court are the motions in limine filed by Plaintiff and Defendants (Docs. 59, 61, and 64). The Court has reviewed the motions, and any responses thereto, and sets forth its rulings as follows:

**Plaintiff Dwaine Coleman's Motions in Limine (Doc. 59)**

1. Plaintiff seeks to exclude evidence relating to his arrests, convictions, and prior bad acts arguing such evidence is neither relevant nor admissible under Federal Rule of Evidence 609, and unfairly prejudicial under Rule 403. Defendants oppose Plaintiff's motion, asserting they intend to offer evidence of Plaintiff's prior convictions under Rule 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

Page **1** of **6**

cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff has been convicted of a felony and is incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants shall not introduce evidence identifying the specific crimes for which Plaintiff is incarcerated.

2. Plaintiff seeks to bar reference to any of Plaintiff's conduct violations or disciplinary history (with the exception of disciplinary actions related to Plaintiff's retaliation claim) while incarcerated, arguing such evidence is not relevant, unfairly prejudicial under Rule 403, and inadmissible under Rule 404. Defendants indicate they do not intend to offer evidence of Plaintiff's disciplinary history unless Plaintiff opens the door to the same. The Court **GRANTS** Plaintiff's motion to bar evidence of conduct violations or disciplinary history unrelated to his retaliation claim unless Plaintiff opens the door on the topic.

3. Plaintiff seeks to exclude non-party witnesses from the courtroom during trial. Defendants have no objection. Plaintiff's motion is **GRANTED**. Non-party witnesses shall be excluded from the courtroom when they are not testifying.

4. Plaintiff seeks to bar reference to grievances submitted by Plaintiff not at issue in this case. Defendants indicate they do not intend to offer evidence of Plaintiff's other grievances unless Plaintiff opens the door to the same. The Court **GRANTS** Plaintiff's motion and bars reference to grievances submitted by Plaintiff not at issue in this case unless Plaintiff opens the door on the topic.

**Plaintiff Dwaine Coleman's Supplemental Motion in Limine in Response to Defendants' Pretrial Disclosures (Doc. 64)**

In his supplemental motion in limine, Plaintiff moves the Court to exclude the introduction of Correctional Officer Jacob Dent as a witness at trial. Plaintiff asserts, and Defendants do not dispute, that Correctional Officer Dent was disclosed for the first time during the pendency of this case in their Pretrial Disclosures filed on August 31, 2018 (*see* Doc. 62). It is undisputed that Officer Dent was not identified in Defendants' Rule 26 disclosures as a potential witness, although Defendants identified thirty-eight individuals with knowledge of the relevant incidents whom Defendants indicated they might use to support their defense.

Plaintiff asserts that because of this late disclosure, he has not been given sufficient time to conduct any discovery related to Officer Dent and asks that Dent be excluded as a witness pursuant to Federal Rule of Civil Procedure 37 because Defendants' failure to disclose was neither justified nor harmless. Defendants do not dispute Plaintiff's account of their late disclosure of Officer Dent, but assert that the late disclosure was harmless because Plaintiff has known about Officer Dent and the substance of his possible testimony since the 2014 incident that is the basis for Plaintiff's retaliation claim. Defendants assert that because Officer Dent wrote the disciplinary report that resulted in Plaintiff's placement in segregation on November 17, 2014, and because such report was produced to Plaintiff in Defendants' initial Rule 26 disclosures, Plaintiff has had ample opportunity to serve Dent with discovery or take his deposition. Defendants contend that there will be no prejudice to Plaintiff if Officer Dent testifies at trial.

In determining whether a late disclosure was justified or harmless, the Seventh Circuit has indicated that courts should consider the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3)

the likelihood of disruption at trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003). Based on a consideration of these factors, the Court finds that Defendants' error in failing to disclose Officer Dent was harmless. First, although Defendants were clearly remiss in their failure to disclose Officer Dent, there is no indication that such failure was done willfully or in bad faith. Moreover, the Court finds that the late disclosure should not surprise Plaintiff as Officer Dent was clearly identified as writing the relevant November 17, 2014 disciplinary report and Plaintiff was provided such report in February 2018. Further, during his March 8, 2018 deposition, Plaintiff specifically identified Officer Dent and testified as to Dent's involvement in his retaliation claim against Defendant Mitchell. At this time, it should have been apparent to Plaintiff that Dent was a relevant witness in this case. For these reasons, Plaintiff's motion in limine to exclude Officer Dent from testifying at trial is **DENIED**. In light of this ruling, however, Plaintiff is **GRANTED LEAVE** to conduct the deposition of Officer Dent prior to trial. If Plaintiff chooses to do so, Defendants are advised that they should make all reasonable efforts to conduct the deposition in the manner most convenient to Plaintiff.

**Defendants' Motions in Limine (Doc. 61)**

1. Defendants seek to prohibit Plaintiff from offering evidence or testimony, or otherwise suggesting, that the State of Illinois may indemnify the Defendants. Plaintiff does not object to this motion. Defendants' motion is **GRANTED**. Plaintiff shall be barred from suggesting that the State of Illinois will indemnify Defendants.

2. Defendants seek to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving any of the Defendants. Plaintiff indicates that he does not intend to offer such evidence except for impeachment purposes. Defendants' motion is **GRANTED**. Plaintiff shall be barred

from offering evidence or testimony of other lawsuits involving any of the Defendants unless offered for purposes of impeachment.

3. Defendants seek to prohibit Plaintiff from offering testimony or evidence regarding claims unrelated to the claims proceeding at trial, including those already dismissed by the Court. In support of this motion, Defendants explain that Plaintiff's Second Amended Complaint contained five counts, three of which were dismissed by the Court at screening. Defendants contend that these claims are not sufficiently related to the remaining claim and should not be mentioned at trial. The Court agrees. Plaintiff is barred from introducing evidence of the dismissed claims (Counts III-V) at trial. Defendants also seek to bar allegations contained in Plaintiff's Second Amended Complaint concerning Defendants Vinson and Blessing that they assert are irrelevant to Plaintiff's excessive force claim. In particular, Defendants seek to block allegations that Vinson destroyed Plaintiff's personal property after Plaintiff flooded his cell on December 31, 2014, that Vinson threatened to assault Plaintiff on December 31, 2014, and that Vinson told other inmates that Plaintiff was a snitch on January 6, 2015. Plaintiff contends that evidence of incidents occurring both before and after the January 3, 2015 incident are relevant as the evidence establishes a pattern of mistreatment by Defendants Vinson and Blessing. This issue is **TAKEN UNDER ADVISEMENT** in order to assess how Plaintiff may attempt to introduce the evidence at trial as there is a need to provide some context to Plaintiff's excessive force allegation. However, the Court generally finds that evidence should be immediately related to the excessive force that allegedly occurred on January 3, 2015 in order to be relevant and admissible at trial. Evidence that tends to support an unrecognized claim will not be admitted. For these reasons, this motion is **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART**.

4. Defendants seek to prohibit Plaintiff from making any "golden rule" appeal. Plaintiff

indicates he does not plan on making any "golden rule" appeal by argument or testimony, but objects to this request insofar as it seeks to prohibit Plaintiff from appealing to the jury's sensibilities, including asking jurors to be reasonable and fair. Because Defendants have not asked that Plaintiff be barred from appealing to the jury's sensibilities, the Motion is **GRANTED**. Plaintiff shall be barred from setting forth any argument or testimony that the jury place itself in Plaintiff's position or engage in a hypothetical wherein the jurors are asked to place themselves in Plaintiff's position. Plaintiff shall be allowed to ask jurors to be reasonable and fair, and otherwise appeal to their general sensibilities.

**IT IS SO ORDERED.**

**DATED: September 24, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**