IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAINE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-898-RJD |
| ) | |
| JAMES VINSON, JARED BLESSING, AND ) | |
| DAVID MITCHELL, ) | |
| ) | |
| Defendants. ) | |

# **FINAL PRETRIAL ORDER**

**DALY, Magistrate Judge:**

**I. COUNSEL OF RECORD**

    **Attorneys for Plaintiff:**

        Michael J. Hickey
        Jerina D. Phillips
        Lewis Rice LLC
        600 Washington Ave., Suite 2500
        St. Louis, MO 63101
        (314) 444-7630
        mhickey@lewisrice.com
        jphillips@lewisrice.com

    **Attorneys for Defendants:**

        Ann M. Spillane
        Brent D. Stratton
        Office of the Illinois Attorney General
        100 W. Randolph St., 12th Floor
        Chicago, IL 60601
        (312) 814-3000
        aspillane@atg.state.il.us
        bstratton@atg.state.il.us

## II. NATURE OF THE CASE

The Plaintiff, Dwaine Coleman, brought this case alleging violations of his rights under the United States Constitution. At the time of the events that are the basis of his claims, Mr. Coleman was an inmate at the Vienna Correctional Center. The Defendants, James Vinson, Jared Blessing, and David Mitchell, are current employees of the Illinois Department of Corrections. Mr. Coleman alleges that Defendants Vinson and Blessing violated his rights under the Eighth Amendment by using excessive force against Mr. Coleman to cause harm to him and for no other purpose. Mr. Coleman also alleges that Defendants Mitchell violated his rights under the First Amendment by placing him in segregation as retaliation for Mr. Coleman complaining about a lack of medical treatment and denial of medical care.

The Defendants deny that they violated Plaintiff's constitutional rights. Defendants Vinson and Blessing specifically deny that they violated Plaintiff's Eighth Amendment rights or that they used excessive force against Plaintiff. Defendant Mitchell specifically denies that he violated Plaintiff's First Amendment rights or that he placed Plaintiff in segregation as retaliation for Mr. Coleman complaining about a lack of medical treatment and denial of medical care. Defendants admit that Mr. Coleman was placed in segregation but claim that it was done for a legitimate reason and not as retaliation.

## III. SUBJECT MATTER JURISDICTION

This is an action for damages.

The Plaintiff filed this action under 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

The existence of subject matter jurisdiction is not contested.

## IV. UNCONTROVERTED FACTS

The following facts are not disputed:

Plaintiff was previously an inmate in the custody of the Illinois Department of Corrections, housed at the Vienna Correctional Center, during the time period relevant to his claims.

Defendants are current employees of the Illinois Department of Corrections and acted under color of state law.

On November 17, 2014, Defendant Mitchell reviewed and signed an Offender Disciplinary Report that alleged that he had committed the offenses of Insolence and Disobeying a Direct Order.

On November 17, 2014, Plaintiff filed a grievance alleging, among other things, that a correctional officer had prevented him from taking his medication and from using the

washroom.

Also, on November 17, 2014, Defendant Mitchell placed Plaintiff in Temporary Confinement, which is a type of segregation.

On January 3, 2015, Defendant Vinson escorted Plaintiff from the Health Care Unit to Plaintiff's cell.

The parties propose to convey these facts to the jury in the following manner:

The Court will convey the facts to the jury.

## V. CONTROVERTED FACTS

The following are among the controverted facts:

1. Whether Defendant Mitchell retaliated against Plaintiff in violation of the First Amendment.

2. Whether Defendants Vinson and Blessing used excessive force against Plaintiff in violation of the Eighth Amendment.

## VI. AGREED TO ISSUES OF LAW

The parties agree that the Court is to decide the following legal issues:

1. Whether the evidence adduced is trial is sufficient under the law to submit Plaintiff's First and Eighth Amendment claims to the jury.

2. Whether Defendants are entitled to qualified immunity.

3. Whether the evidence adduced at trial is sufficient under the law to submit Plaintiff's claims for actual and punitive damages to the jury.

## VII. WITNESSES

Plaintiff intends to call the following witnesses:

    Expert witnesses: none.

    Non-expert witnesses: Plaintiff Dwaine Coleman.

Defendant intends to call the following witnesses:

    Expert witnesses: none.

Non-expert witnesses:

1. James Vinson
2. Jared Blessing
3. David Mitchell
4. Jacob Dent
5. Tammy Stevens
6. Todd Oehlsen

## VIII. EXHIBITS

Plaintiff filed his pretrial disclosures on August 30, 2018 (Doc. No. 60). Defendants filed their pretrial disclosures on August 31, 2018 (Doc. No. 62).

On September 12, 2018, Defendants filed their objections to Plaintiff's pretrial disclosures (Doc. No. 66), in which Defendants objected to Plaintiff offering his own grievances as exhibits. On September 13, 2018, Plaintiff filed his objections to Defendants' pretrial disclosures (Doc. No. 68), in which Plaintiff objected to Defendants offering Plaintiff's IDOC Living Unit History and Cumulative Counseling Summary as exhibits.

The parties will prepare an Exhibit List stating the number and brief description of each exhibit they expect to present at trial, and they will submit the Exhibit List no later than September 28, 2018, using Judge Daly's approved form (a revision of AO Form 187).

## IX. DAMAGES

Plaintiff seeks (1) compensatory damages for the harms allegedly caused to him, including physical injuries and emotional distress; (2) punitive damages; and (3) costs and attorneys' fees.

## X. BIFURCATED TRIAL

The parties do not request a bifurcated trial.

## XI. TRIAL BRIEFS

The parties have not filed trial briefs and do not intend to do so.

## XII. MOTIONS *IN LIMINE*

Plaintiff filed his motions *in limine* on August 30, 2018 (Doc. No. 59) and a supplemental motion *in limine* on September 7, 2018 (Doc. No. 64). Defendants filed their objections to Plaintiff's motions *in limine,* including the supplemental motion, on September 12, 2018 (Doc. No. 65).

Defendants filed their motions *in limine* on August 30, 2018 (Doc. No. 61). Plaintiff filed his objections to Defendants' motions *in limine* on September 13, 2018 (Doc. No. 67).

### XIII. LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

A. **Trial Date.** Trial of this cause is set for the week of October 1, 2018, and is scheduled to begin on October 2, 2018.

B. **Length of Trial.** The probable length of trial is 2-3 days.

C. **Number of Jurors.** There shall be a minimum of six jurors.

D. **Jury Voir Dire.** The Court will conduct voir dire. Limited participation by counsel may be permitted.

### XIV. JURY INSTRUCTIONS

The parties do not anticipate issues with respect to preparation of the proposed jury instructions.

The parties will provide proposed jury instructions in Microsoft Word format by email to RJDpd@ilsd.uscourts.gov no later than the morning of trial, and will prepare, provide, and mark them as follows:

Each instruction should be marked to designate the party offering the instruction (e.g., "Plaintiff's Instruction No. 1" or "Parties' Agreed Instruction No. 1") and the source of the instruction (e.g., "Seventh Circuit Pattern Instruction No. 1.01"). Plaintiff is primarily responsible for the burden of proof instructions, the damage instructions, the verdict instructions, and the verdict forms. Defendant is primarily responsible for the cautionary instructions. ***The parties should work together in an effort to produce one set of proposed instructions***. If the parties are unable to agree on certain instructions, each party may submit a version of the contested instructions. The Court will compile a packet of proposed final instructions and give the instructions to the parties during trial before a formal jury instruction conference is held.

**APPROVED AS TO FORM AND SUBSTANCE:**

**/s/** Michael J. Hickey
**Attorney for Plaintiff**

/s/ Brent D. Stratton
**Attorney for Defendants**

**IT IS SO ORDERED.**

**DATED: September 24, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**