Jury Instruction #1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

<u>Jury Instruction #2</u>

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

<u>Jury Instruction #3</u>

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Jury Instruction #4

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Jury Instruction #5

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Jury Instruction #6

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Jury Instruction #7

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.

Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Jury Instruction #8

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Jury Instruction #9

      You may consider statements given by a party under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

      With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

      In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

<u>Jury Instruction #10</u>

You have heard evidence that the Plaintiff has been convicted of a crime. You may consider this evidence only in deciding whether Plaintiff's testimony is truthful in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

<u>Jury Instruction #11</u>

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.   You need not accept the testimony of the larger number of witnesses.

Jury Instruction #12

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Jury Instruction #13

This suit consists of two separate counts:  In Count 1, Plaintiff alleges that Defendants David Vinson and Jared Blessing used excessive force against him.  The Plaintiff claims that he was injured and sustained damage and that Defendants Vinson and Blessing violated Plaintiff's rights under the Eighth Amendment to the Constitution of the United States in the following respect:

> On January 3, 2015, by Defendant Vinson slamming his face into a doorway and clenching his jaw in a tight grip, and by Defendant Blessing choking him.

The Plaintiff further claims that the foregoing was a cause of his injuries.

Defendants Vinson and Blessing deny that they violated Plaintiff's rights to be free from excessive force and deny that any act or omission on their part was a cause of Plaintiff's claimed injuries.

In Count 2, Plaintiff alleges that Defendant Mitchell retaliated against him.  The Plaintiff claims that he was injured and sustained damage and that Defendant Mitchell violated Plaintiff's rights under the First Amendment to the Constitution of the United States in the following respect:

> By causing him to be placed in segregation on November 17, 2014 in retaliation for his verbal complaints as described in these instructions.

The Plaintiff further claims that the foregoing was a cause of his injuries.

Defendant Mitchell denies that he retaliated against Plaintiff or violated Plaintiff's rights under the First Amendment, and he denies that any claimed act or omission on his part was a cause of Plaintiff's claimed injuries.

Jury Instruction #14

To succeed on his claim under Count 1 against Defendants Vinson and Blessing, Plaintiff must prove each of the following three things by a preponderance of the evidence as to each Defendant:

1.      The Defendant intentionally used force on Plaintiff.

2.      The Defendant did so for the purpose of harming Plaintiff, and not in a good faith effort to maintain or restore security or order.

3.      The Defendant's conduct harmed Plaintiff. Plaintiff does not need to prove that he suffered a serious injury. If the Defendant's use of force caused pain to Plaintiff, that is sufficient harm, even if Plaintiff did not require medical attention or did not have long lasting injuries.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a Defendant, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a Defendant, then you must decide for Defendant, and you will not consider the question of damages.

In deciding whether Plaintiff has proved that a Defendant used force for the purpose of harming Plaintiff, you should consider all of the circumstances. When considering all the circumstances, among the factors you may consider are the need to use force, the relationship between the need to use force and the amount of force used, the extent of Plaintiff's injury, whether Defendant reasonably believed there was a threat to the safety of staff or prisoners, and any efforts made by Defendant to limit the amount of force used, and whether Defendant was acting pursuant

to a policy or practice of the prison that in the reasonable judgment of prison officials was needed to preserve security or order.

An officer is entitled to use some force if a prisoner disobeys a valid command.  You may still consider, however, whether the amount of force used was excessive.

Jury Instruction #15

To succeed on his claim under Count 2, the Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence as to Defendant Mitchell:

1.      That the Plaintiff made verbal complaints about treatment by prison officials;

2.      Defendant Mitchell had knowledge of Plaintiff's verbal complaints;

3.      Defendant Mitchell intentionally caused Plaintiff to be placed in segregation as retaliation for Plaintiff making verbal complaints;

4.      Plaintiff's protected speech, his verbal complaints, was a reason that Defendant Mitchell caused Plaintiff to be placed in segregation;

5.      The action taken by the Defendant Mitchell was sufficiently adverse that it would be likely to discourage an inmate in the Plaintiff's position from making verbal complaints;

6.      Plaintiff was harmed as a result of Defendant Mitchell's retaliatory conduct.

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must decide for Defendant Mitchell.

If Plaintiff proved each of these things by a preponderance of the evidence, then you must consider whether the actions would have occurred anyway.  If you find that Defendant Mitchell proved this by a preponderance of the evidence, then you must decide for the Defendant Mitchell. If you find that Defendant Mitchell did not prove this by a preponderance of the evidence, then you must decide for Plaintiff, and consider the issue of damages.

<u>Jury Instruction #16</u>

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

<u>Jury Instruction #17</u>

Defendants are being sued as individuals.  Neither the State of Illinois nor the Illinois Department of Corrections are parties to this lawsuit.

Jury Instruction #18

If you find that Plaintiff has proved his claims against any Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove his claims, then you will not consider the question of damages.

Jury Instruction #19

Plaintiff must prove by a preponderance of the evidence that a Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold a Defendant liable for what other employees did or did not do.

Jury Instruction #20

If you find in favor of Plaintiff on Count 1, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of a Defendant's excessive use of force. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

> The physical and emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Jury Instruction #21

As a matter of statute, Plaintiff cannot obtain compensatory damages on Count 2. Therefore, if you find in favor of Plaintiff, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Jury Instruction #22

If you find for Plaintiff, you may, but are not required to, assess punitive damages against a Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to a Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages only if you find that the Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, a Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of a Defendant's conduct;

- the impact of a Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and a Defendant;

- the likelihood that a Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

<u>Jury Instruction #23</u>

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the court security officer, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Jury Instruction #24

The verdicts must represent the considered judgment of each juror.  Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

Jury Instruction #25

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.