During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed Instruction No. 2
7th Cir. P. I. 1.02

Given _____
Given as Modified _____
Refused ✓
Withdrawn _____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Agreed Instruction No. 7
7th Cir. P. I. 1.09

Given _____
Given as Modified _____
Refused ✓
Withdrawn _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed Instruction No. 13
7th Cir. P. I. 1.16

Given _____
Given as Modified _____
Refused    ✓
Withdrawn _____

To succeed on his claim under Count 1 against Defendant Vinson and Defendant Blessing, Plaintiff must prove each of the following three things by a preponderance of the evidence as to the Defendant:

1.  The Defendant intentionally used force on Plaintiff.

2.  The Defendant did so for the purpose of harming Plaintiff, and not in a good faith effort to maintain or restore security or order.

3.  The Defendant's conduct harmed Plaintiff. Plaintiff does not need to prove that he suffered a serious injury. If the Defendant's use of force caused pain to Plaintiff, that is sufficient harm, even if Plaintiff did not require medical attention or did not have long lasting injuries.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a Defendant, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a Defendant, then you must decide for the Defendant, and you will not consider the question of damages.

In deciding whether Plaintiff has proved that a Defendant used force for the purpose of harming Plaintiff, you should consider all of the circumstances. When considering all the circumstances, among the factors you may consider are the need to use force, the relationship between the need to use force and the amount of force used, the extent of Plaintiff's injury, whether a Defendant reasonably believed there was a threat to the safety of staff or prisoners, and any efforts made by a Defendant to limit the amount of force used, and whether a Defendant

was acting pursuant to a policy or practice of the prison that in the reasonable judgment of prison officials was needed to preserve security or order.

An officer is entitled to use some force if a prisoner disobeys a valid command. You may still consider, however, whether the amount of force used was excessive.

The Eighth Amendment to the Constitution of the United States forbids the infliction of cruel and unusual punishment. However, not every malevolent touch violates the constitutional rights of an inmate. Whether the use of force by prison officials constitutes cruel and unusual punishment ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Defendants' No. 17
7th Cir. P.I. No. 7.18 (modified)
Hudson v. McMillan, 503 U.S. 1 (1992)
Whitley v. Albers, 475 U.S. 312 (1986)
Duckworth v. Franzen, 780 F.2d 645 (7th Cir. 1985)

Given _____
Given as Modified _____
Refused ✓ _____
Withdrawn _____

An inmate's right to complain of treatment by prison officials is protected by the Constitution.

In this case, Plaintiff claims that Defendant Mitchell placed Plaintiff in segregation in retaliation for Plaintiff's complaining of treatment by prison officials.

To succeed on this claim as alleged in Count 2, Plaintiff must prove each of the following four things by a preponderance of the evidence:

1.     Plaintiff complained of treatment by prison officials.

2.     Defendant Mitchell intentionally threatened to place Plaintiff in segregation if he continued to complain about his treatment.

3.     Plaintiff's act of continuing to complain about his treatment was a reason that Defendant Mitchell placed Plaintiff in segregation.  It need not have been the only reason.

4.     Defendant Mitchell's decision to place Plaintiff in segregation would be likely to deter an average person in Plaintiff's circumstances from engaging in similar conduct (specifically from complaining of treatment by prison officials, in fear of possible consequences from a prison correctional officer).

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must decide for Defendant Mitchell.

If you find that Plaintiff did prove each of these things by a preponderance of the evidence, then you must consider whether Defendant Mitchell has proved by a preponderance of the evidence that there were other reasons that would have led Defendant Mitchell place Plaintiff in segregation if Plaintiff had not filed a grievance and/or complained of treatment. If you find that Defendant Mitchell proved this by a preponderance of the evidence, then you must decide for Defendant

Mitchell.  If you find that Defendant Mitchell did not prove this by a preponderance of the evidence, then you must decide for Plaintiff, and consider the issue of damages.

Plaintiff's No. 18
7th Cir. P.I. 6.03 (2017 rev.) (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

When I use the expression "proximate cause," I mean a cause that, in natural or probable sequence, produced the injury complained of.  It need not be the only cause, nor the last or nearest cause.

Defendants' No. 20
I.P.I. No. 15.01

Given _____
Given as Modified _____
Refused ✓
Withdrawn _____