IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAINE COLEMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-898-RJD |
| LT. VINSON, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Dwaine Coleman filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was in the custody of the Illinois Department of Corrections ("IDOC"), incarcerated at Vienna Correctional Center ("Menard"). Plaintiff proceeded to trial on a claim of excessive force against Defendants James Vinson and Jared Blessing, and a claim of retaliation against David Mitchell. On October 3, 2018, the jury rendered its verdict in favor of Dwaine Coleman and against James Vinson on his claim of excessive force. The jury also rendered its verdict in favor of Defendants Blessing and Mitchell. The jury awarded Plaintiff $1.00 in compensatory damages and assessed punitive damages against Defendant Vinson in the amount of $35,000.

Now before the Court is Defendant Vinson's Motion for Reduction or Remittitur (Doc. 85), Plaintiff's Motion for Award of Attorneys' Fees and Costs (Doc. 86), and Plaintiff's Bill of Costs (Doc. 88). The Court sets forth its rulings as follows.

**1. Motion for Reduction or Remittitur (Doc. 85)**

Defendant asks that the Court reduce or remit Plaintiff's award of punitive damages.

Defendant brings his motion pursuant to Federal Rule of Civil Procedure 59(e).

In considering whether a punitive damages award exceeds constitutional limits, courts are directed to consider: (1) the reprehensibility of the action in question; (2) the ratio between the compensatory and punitive damages; and (3) the difference between the damages award and the civil penalties authorized or imposed in comparable cases. *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996).

"Perhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *Id.* The Supreme Court has identified five factors for courts to consider in assessing the degree of reprehensibility of a defendant's conduct: whether (1) the harm caused was physical as opposed to economic; (2) the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; (3) the target of the conduct had financial vulnerability; (4) the conduct involved repeated actions or was an isolated incident; and (5) the harm was the result of intentional malice, trickery, or deceit, or mere accident. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003).

It is apparent that these factors weigh in favor of Plaintiff. First, the harm incurred was clearly physical and inflicted with indifference or a reckless disregard to Plaintiff's health and safety. Further, according to Plaintiff's trial testimony, Vinson's conduct was inflicted with intentional malice as he slammed Plaintiff's head against a doorjamb, cut into Plaintiff's wrists with handcuffs, and grabbed and clenched his jaw without provocation (Doc. 83 at 19-21). While the incident at issue may have been isolated, Vinson took aggressive action toward Plaintiff three times.

The next consideration is the relationship between the compensatory and punitive damages awarded. In *Campbell*, the Supreme Court declined to impose a bright-line ratio which a punitive

damages award cannot exceed; however, the Court indicated that "few awards exceeding a single-digit ratio between punitive and compensatory damages … will satisfy due process." *State Farm Mut. Auto Ins.*, 538 U.S. at 425. In any event, the Seventh Circuit has found that "capping the ratio of compensatory and punitive damages makes sense only when the compensatory damages are large." *Lust v. Sealy, Inc.*, 383 F.3d 580, 591 (7th Cir. 2004). Indeed, in *Cooper v. Casey*, the Seventh Circuit recognized that "[t]he smaller the compensatory damages, the higher the ratio of punitive to compensatory damages has to be in order to fulfill the objectives of awarding punitive damages." 97 F.3d 914, 919-20 (upholding a punitive damages award of $60,000 per plaintiff where each plaintiff was awarded $5,000 in compensatory damages). In *Cooper*, the Court explained:

> The compensatory damages were low here in part because of the inherent difficulties of fixing a dollar equivalent for subjective injuries, such as fright and pain. An award of punitive damages proportioned to the low compensatory damages that were awarded would have a very meager deterrent effect, would fail to signal to the prison authorities that savage treatment of prisoners will not be tolerated, and would not be commensurate with the moral gravity of the defendant's actions.

*Id.* at 920. The Court further noted that "the highest award of punitive damages against any one of the seven defendants was only $22,500. The sky is not the limit, but $22,500 is not the sky." *Id.*

In this instance, the jury awarded Plaintiff punitive damages in the amount of $35,000. Although the jury only awarded Plaintiff nominal compensatory damages, the Court cannot find that the punitive damages awarded exceeds constitutional bounds. Indeed, as noted in *Cooper*, the injuries here were difficult to assign a dollar value. Moreover, to subject Plaintiff to a single ratio for punitive damages or to say that the $35,000 award is too high a ratio in this case would

not serve the purpose of punitive damages.

Further, with regard to the comparability of the punitive damages award here with other cases, the Court finds it is not so far out of line with other cases wherein plaintiffs were awarded low or only nominal damages to require a reduction. *See Wilson-El v. Mutayoba*, Case No. 12-cv-203-NJR-DGW, 2015 WL 2201564 (S.D. Ill., May 8, 2015) (jury awarded $1.00 in compensatory damages and $10,100 in punitive damages); *Gevas v. Harrington*, Case No. 10-cv-493-SCW, 2014 WL 4627689 (S.D. Ill., Sept. 16, 2014) (upholding $10,000 in punitive damages on a nominal compensatory award); *see also Hardy v. City of Milwaukee*, 88 F.Supp.3d 852, (E.D. Wis., Feb. 27, 2015) (wherein district court reduced punitive damages award of $500,000 to $54,000 when jury awarded $6,000 in compensatory damages); *Kunz v. DeFelice*, 538 F.3d 667, 679-80 (7th Cir. 2008) (upholding punitive damages award of $90,000 with a compensatory damages award of $10,000).

For the above-mentioned reasons, the Court finds that the jury's award of punitive damages in the amount of $35,000 is within the reasonable range of awards that could have been assessed in this case and it is therefore within constitutional bounds. Defendant's motion to reduce the award is therefore **DENIED**.

Defendant also asserts that remittitur is appropriate because the punitive damages award is unreasonable based on the facts. In order to determine whether the jury's verdict was irrational, the district court must review the trial record as a whole in the light most favorable to the verdict. *Adams v. City of Chicago*, 798 F.3d 539, 543 (7th Cir. 2015). In support of his argument, Defendant contends it is likely the jury based their punitive damages award on the totality of Plaintiff's difficulties at Vienna rather than on his "brief" encounter with Defendant Vinson. The Court disagrees. Plaintiff's testimony was clear as to what actions were taken by Defendant

Vinson. As mentioned above, Plaintiff testified that Defendant Vinson slammed Plaintiff's head against a doorjamb, cut into Plaintiff's wrists with handcuffs, and grabbed and clenched his jaw without provocation. Defendant Vinson did not directly counter Plaintiff's testimony as he only indicated what he would normally do in the circumstances presented and that he did not remember the incident described during Plaintiff's testimony. The jury determined that, based on this evidence, Defendant Vinson used excessive force and that Vinson's actions were "malicious or in reckless disregard of Plaintiff's rights." The Court cannot say the jury's verdict was not reasonable based on the evidence introduced at trial. Further, the Court notes the jury rendered a verdict in favor of the two other defendants — Blessing and Mitchell. Thus, the jury was clearly able to attribute particular actions to particular individuals in rendering their verdict. For these reasons, Defendants' request for remittitur is **DENIED**.

**2. Plaintiff's Motion for Award of Attorney's Fees and Costs (Doc. 86)**

Title 42 U.S.C. § 1988 provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Section 1988's allowance for a "reasonable attorney's fee" contemplates "reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). In order to recover an award of attorney's fees under § 1988, a plaintiff must be a "prevailing party." A plaintiff may be considered a "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Hensley*, 461 U.S. at 433 (other quotation omitted)).

Furthermore, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, limits an

incarcerated plaintiff's fee award. The PLRA places relative and absolute limits on the amount of the fee award. "Subsections (1) and (2) establish relative limits: fees must be 'proportionately related to the court ordered relief' and, when monetary relief is awarded, the fees attributable to that relief cannot exceed 150% of the damages. Subsection (3) establishes an absolute limit at 150% of the hourly rate for defense counsel under the Criminal Justice Act, times the number of hours reasonable devoted to the litigation." *Johnson v. Daley*, 339 F.3d 582, 583 (7th Cir. 2003).

Plaintiff acknowledges that his counsel is limited under the PLRA to a total amount of attorneys' fee award of 150% of the judgment. Counsel has thus calculated attorneys' fees at $52,501.50, which represents 150% of the $35,001.00 judgment [1]. Plaintiff's counsel acknowledges that the PLRA provides that "whenever a monetary judgment is awarded … a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded to the defendant." 42 U.S.C. § 1997e(d)(2). Plaintiff asserts that the 25 percent figure is "merely a ceiling" and asks that the Court award no more than ten percent of the judgment against the attorneys' fees awarded.

Defendant asks that the Court reduce the fee request based on a reduction of the punitive damages award. Defendant also asserts that Plaintiff should be ordered to pay 25% of his award, $8,750.25, toward an award of attorney's fees[2].

In light of the Court's decision above denying Defendant's motion to reduce or remit Plaintiff's punitive damages award, the Court finds an award of attorneys' fees in the amount of

---

[1] Counsel has provided documentation indicating that their normal fee, based on the reasonable and customary rates charged by their firm would be $110,692.50. Further, applying the applicable hourly fee caps imposed by the PLRA, counsel's fees would amount to $59,451.15.

[2] Defendant does not set forth any argument asserting that the amount requested by Plaintiff's counsel based on hours worked and hourly rate is not properly substantiated or otherwise unwarranted.

$52,501.50 to be appropriate. However, Plaintiff shall be required to pay 25% of his $35,001.00 award ($8,750.25) toward attorneys' fees. In *Murphy v. Smith*, the Supreme Court made clear that "district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees." 138 S.Ct. 784, 790 (2018).

**3. Bill of Costs (Doc. 88)**

Plaintiff has set forth his taxable costs in the amount of $41.36. Defendant Vinson has no objection to the costs sought by Plaintiff (Doc. 93). Accordingly, the Court **ORDERS** an award of costs in the total amount of $41.36 to Plaintiff.

## Conclusion

For the foregoing reasons, Defendant Vinson's Motion for Reduction or Remittitur (Doc. 85) is **DENIED**. Plaintiff's Motion for Award of Attorneys' Fees and Costs (Doc. 86) is **GRANTED IN PART**. Plaintiff is awarded attorneys' fees in the amount of $52,501.50. Of that amount, Plaintiff shall pay $8,750.25 to be deducted from Plaintiff's recovery, and Defendant shall pay $43,751.25. Plaintiff is also awarded costs in the amount of $41.36.

**IT IS SO ORDERED.**

**DATED: September 24, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**